State
v.
Olcott et. a.

---

## E. HOLT *versus* A. QUIMBY, and E. HOLT and WIFE *versus* A. QUIMBY.

There were two actions, in favor of the same plaintiff, against the same defendant, in one of which judgment was rendered for the plaintiff, and in the other for the defendant, at the same term, and the judgments were, by order of court, set off one against the other, without any objection. At a subsequent term the plaintiff's attorney moved the court to rescind the order of set off, on the ground that his lien upon the costs was affected by it—but the court overruled the motion, on the ground that it was made too late.

THESE actions were both referred to arbitrators, at November term, 1830. At May term, 1831, the arbitrators made reports, by which they awarded to the plaintiff, in the action Holt v. Quimby, $14,19, damages, and costs, taxed at $71,43 ; and to the defendant, in the other action, costs, taxed at $43,63. At the same term judgment was rendered upon both reports ; and, upon motion of the defendant, it was ordered by the court, that one judgment should be set off against the other, and execution issued for the balance.

At November term, 1831, *Gilman*, the plaintiff's attorney, who had been absent at the time when the order

for setting off the judgments against one another had been made, having left the actions in the care of other counsel, moved the court to rescind the said order, on the ground that he, as attorney, had a lien upon the judgment in favor of the plaintiff, for fees and money advanced in the suit, to the amount of $74,13.

*Phelps* and *Bartlett,* for the defendant.

*By the court.* It was the misfortune of the plaintiff's attorney to be absent, when the order as to the set off was made. Had he been present, and interposed his lien, that order would not have been made. But two years have now elapsed, and the circumstances of the plaintiff may have materially altered in that time. We think it would be altogther unreasonable, at this time, to rescind the order and compel the defendant to pay the remainder of the judgment against him, leaving him to obtain satisfaction of his judgment against the plaintiff as he may.　　　　　　　　　　　　　　*Motion overruled.*