## DANIEL BURNHAM *vs.* JONATHAN TUCKER.

The indorsee can secure to himself by the indorsement of a note, when over due, only such rights as the payee himself could have then enforced.

The set-off of judgments is not restricted to cases where the parties to the record are the same.

Under our statutes, where a promissory note has been indorsed when over due, and judgment has been obtained thereon against the maker in the name of the indorsee, and a judgment in favor of the maker of that note has been rendered on a note given to him before the indorsement by the payee of the other; the latter judgment may be set-off against the former.

THE suit was on a note given by *Tucker* to *David Webster,* dated *June* 22, 1835, payable on demand, and indorsed to the plaintiff after *June* 1, 1837. The note was afterwards assigned by *Burnham* to *James Rangely.* *Tucker* claimed the benefit of a set-off to the amount of certain notes given by *David Webster* to him long before the note in suit was made, but *Tucker* had not filed any account in set-off, and moved for a continuance until judgment might be obtained against *Webster,* that there might be

a set-off made. The parties agreed upon an auditor to report the facts, and that on the return of the report the "court should consider and determine whether it is competent for the defendant to have the legal benefit of set-off, by way of defence, to this action, or of judgment in an action against said *Webster* by said *Tucker;* and if such should be the opinion of the court, the said matter of set-off shall be applied by the court, so far as they shall find the same to be legally due from said *Webster* to said *Tucker,* to reduce the amount for which judgment shall be rendered for the plaintiff."

The auditor reported, that there was due from *David Webster* to *Tucker* on three notes, given before the note in suit, the sum of $843,12.

*Daveis* and *Leland,* for the plaintiff, contended, that as here was no account filed in set-off, that none could be allowed, unless it were proved, that the notes were agreed to be taken in part payment. There was no such agreement. They also argued that the indorsement to *Burnham* defeated any set-off in favor of *Tucker.* *Clark* v. *Leach,* 10 *Mass.* R. 51; *Holland* v. *Makepeace,* 8 *Mass.* R. 418; *Peabody* v. *Peters,* 5 *Pick.* 1; *Sargent* v. *Southgate, ib.* 312; *Braynard* v. *Fisher,* 6 *Pick.* 355; *Adams* v. *Butts,* 16 *Pick.* 343; *Barney* v. *Norton,* 2 *Fairf.* 350; 2 *Story's Eq.* 556; *Green* v. *Darling,* 5 *Mason,* 208; *Howe* v. *Sheppard,* 2 *Sumner,* 409; *Gordon* v. *Lewis, ib.* 143 *and* 628; *Weston* v. *Barker,* 12 *Johns. R.* 276; *Banks* v. *Pike,* 3 *Shepl.* 268.

*W. P. Haines,* for the defendant, contended, that as this note was not indorsed until after it was over due, it was subject to all the objections, and to every defence, which could have been made, had it remained in the hands of *Webster.* *Bayley on Bills,* 82, and note; *Burgess* v. *Tucker,* 5 *Johns.* R. 105.

By the *st.* 1823, *c.* 228, the defendant might have filed and been allowed in set-off *any notes* of the plaintiff to him. As the right to the set-off in this mode is limited to notes given by the plaintiff to the defendant, filing a set-off would have been useless. The defendant lost no right by this omission. Where a dishonored note is indorsed, so much only of the note is assigned to the indorsee as may be due to the payee on an adjustment of all de-

Burnham *v.* Tucker.

mands between the original parties. *Shirley* v. *Todd*, 9 *Greenl.* 84; *Calder* v. *Billington*, 3 *Shepl.* 400; *Sargent* v. *Southgate*, 5 *Pick.* 312; *Fowler* v. *Bush*, 21 *Pick.* 231. We are entitled under the agreement to have the same set-off made, as if both demands had come to a judgment, and in such case our right to have it made exists. *Gould* v. *Parlin*, 7 *Greenl.* 82; *Goodenow* v. *Buttrick*, 7 *Mass. R.* 140.

The opinion of the Court was drawn up by

SHEPLEY J. — This is an action on a promissory note, made by the defendant, and payable to *David Webster*, or order, and by him indorsed to the plaintiff after it was over due. The defendant held a note payable to himself, and signed by *Webster*, and also one signed by *Webster* and another, both bearing date before the note in suit. These notes were not filed in set-off, but by an agreement between the parties the set-off is to be allowed if a judgment upon them obtained by the defendant against *Webster* could be set off against the judgment in this suit.

According to the rules by which courts of equity are governed, these demands being distinct and independent could not be set off. *Greene* v. *Darling*, 5 *Mason*, 201.

Our statutes provide, that distinct and independent claims may be set off whether existing by note or in account.

In the case of *Sargent* v. *Southgate*, 5 *Pick.* 312, it was decided upon a statute similar to ours, that a demand might be filed and a set-off take place, when the suit was not between the same parties as those to the claim filed, it having been brought in the name of an indorsee of a note over due. A different opinion had been before intimated in the cases of *Holland* v. *Makepeace*, 8 *Mass. R.* 418, and *Peabody* v. *Peters*, 5 *Pick.* 1. In *Shirley* v. *Todd*, 9 *Greenl.* 83, this Court did not decide whether it would adopt the doctrines of *Sargent* v. *Southgate*.

If the assignee of a note over due, takes it subject to the same infirmities, equities and defences, as if it remained in the hands of the original owner, there does not appear to be any other mode of accomplishing the object of making the defence effectual, but by carrying out the intention of the legislature, and allowing demands to be filed or judgments obtained upon them to be set off, although

the parties to the record are not the same. That the assignee does take, in such cases, subject to a notice implied by law, and to the same infirmities, equities and defences as might be made against the payee, has been decided in many cases. 4 *Burr.* 2214; 10 *Mass. R.* 51; 5 *Pick.* 1, and 312; 5 *Johns. R.* 118; 18 *Johns. R.* 493; 9 *Greenl.* 83.

Nor are the books without precedents for setting off judgments recovered in different names when the beneficial interest in them is mutual.

In the case of *Ford* v. *Stuart,* 19 *Johns. R.* 342, one will be found. That was an action upon a promissory note, payable to *Obadiah Ford,* or bearer, and transferred after it was over due to one *Vanderbilt,* and by him to the plaintiff. The defendant under a notice for a set-off, offered a judgment in favor of *Adrian Post,* against *Obadiah Ford,* and an assignment of it to himself, after his note to *Ford* had become due, and before it was transferred, and the set-off was allowed. The court refused in the case of *Holland* v. *Makepeace,* to permit a purchased demand to be made use of as a set-off, and our statutes do not contemplate the filing or setting off of purchased claims. While no such set-off as that made in *Ford* v. *Stuart* could take place under our statute, that case affords a strong illustration of the application of the principle, that the indorsee of a promissory note over due at the time of indorsement can secure to himself no other or greater rights than the payee had in it at the time of indorsement.

In the case of *Moody* v. *Towle,* 5 *Greenl.* 415, this Court ordered a judgment recovered by the maker of the note against the payee to be set off against so much of a judgment recovered on the note by an indorsee as exceeded all the just claims of the indorsee against the indorser, the note having been transferred as collateral security for such claims.

The plaintiff in this case under our statute provisions and the mercantile law, could secure to himself by an indorsement of the note when over due only such rights as the payee himself could have enforced, and the set-off must be allowed.