## NOAH HOOPER & al. versus LEVI BRUNDAGE.

Where mutual demands exist between the parties, one of them cannot by an assignment of his cause of action, defeat the right of the other to set off the judgments rendered thereon.

And if one judgment is recovered in the Supreme Judicial Court, and the other in the District Court, this does not prevent the set-off.

But the attorney may have made advances for his client in the progress of the cause, and if he has, he should have his lien therefor; and the Court in the exercise of its discretion may require an exhibit on the part of the attorney, showing the extent to which his equitable lien goes, and protect him to that extent. But this cannot, in any event, extend further than to fees legally accruing, and advances made by way of disbursements for the accruing costs.

If money has been paid into Court, and taken out by the attorney in part satisfaction of the demand sued, and has been paid over to his client, without deducting his fees, this will not avoid the lien of the attorney.

HOOPER & BICKFORD recovered a judgment in this suit for debt and costs, and had previously recovered a judgment for costs of a suit brought by Brundage against them, and recovered judgment against Brundage in a writ of entry, the costs of which remain unpaid. Brundage had brought a suit against them, wherein they had brought into Court $275,00, which was taken out by his attorney. The action was referred and the referees awarded a further sum of sixty dollars, and costs, and judgment was rendered on this report. Hooper & Bickford filed a written motion and a request to have their judgments, one of which was rendered in the District Court for this county, set off against the judgment of Brundage against them.

*Haines*, for Brundage, objected to the set-off because that it was assigned by Brundage to Beatty in Feb. 1842, after the causes of action had accrued on both sides, but before judgment in the plaintiff's present suit. He referred to *Makepeace* v. *Coates*, 8 Mass. R. 481. He also objected, that this Court could not order a set-off of a judgment of the District Court against one in this Court. The defendant's counsel also insisted that if a set-off was allowed, he should be allowed to retain sufficient to pay him as the attorney of Brundage, " for his fees

and disbursements which are taxable by law in this suit, and for attorney's fees."

J. *Shepley* and *Leland*, for the plaintiffs, said they knew of no valid assignment to Beatty; but that this was immaterial to them, as Brundage could only assign any balance due him, which in this case did not exist. Two of the judgments were rendered before the alleged assignment, and the cause of action in the other had arisen long before that time. Rev. St. c. 117, § 35; *Hatch* v. *Greene*, 12 Mass. R. 195; *Burnham* v. *Tucker*, 18th of our Reports, 179. As to the second objection. The parties are the same in all the judgments, and it can make no difference, whether they were recovered in the same Court, or in the same county, or in different ones. The Court have unrestricted power to set off judgments, both by statute and at common law. Rev. St. c. 117, § 35; *Barrett* v. *Barrett*, 8 Pick. 342; *Moody* v. *Towle*, 5 Greenl. 415. The lien of an attorney on a judgment cannot extend beyond his taxable costs in the suit as attorney, and cannot include witnesses' fees, jury fees, referees' fees, costs of reference, or any sums properly paid by the client. Nor has the attorney any right over the judgment, to retain it for payment of his balance, even for charges in conducting this suit, and certainly not for other services. But as the attorney took the money out of Court, he has, or should have, received his pay from that source, and ought not to have any thing paid to him by the plaintiffs.

The opinion of the Court was drawn up by

WHITMAN C. J. — Brundage, it appears, recovered judgment against the petitioners, Hooper & Bickford, for $335,00 debt or damage; of which sum $275,00 had been paid by money brought into Court under the common rule, and taken out by the said Brundage; leaving $60,00 of the debt or damage unsatisfied. Brundage was, at the same time, indebted to Hooper & Bickford, on several judgments to a much larger amount. The application is to have the judgment first named, set off against the judgments last named, in satisfaction *pro*

*tanto.* To this the counsel for Brundage objects; alleging that the judgment recovered by him had been assigned to one James Beatty. But it appears that the debts due on the judgments in favor of the petitioners accrued before any such assignment. And it is a principle in equity, that an assignee of a chose in action takes it subject to all the equities, which exist in favor of the debtor therein. Brundage, therefore, by an assignment of his judgment, could not defeat the right of the petitioners to have the set-off, petitioned for by them, allowed. The Revised Statutes, c. 117, § 35, clearly recognize this principle. That one of the judgments recovered by the petitioners was obtained in the District Court, forms no sufficient obstacle to the set-off. *Moody* v. *Towle,* 5 Greenl. 415; 2 Stephens' Nisi Prius, 1188, and cases there cited. A discretion, however, is to be exercised by the Court as to the set-off, so far as respects the lien of the attorney of Brundage for his costs. The fact, that $275,00 had been received towards the judgment, does not conclusively show, that those costs were paid or deducted therefrom. For aught that appears, the attorney may not have been notified of the intended set-off; and may have paid the whole of the $275,00 over to his client, relying upon the balance remaining due for his reimbursement. The attorney may have made advances for his client in the progress of the cause; and, *if he has, he should have his lien therefor.* The Court in the exercise of its discretion, may require an exhibit on the part of the attorney, showing the extent to which his equitable lien goes, and protect him to that extent. It could not, in any event, however, extend further than to fees legally accruing, and advances made by way of disbursements for the accruing costs.