PRINCE & *al.* versus FULLER & *als.*

Where judgments are recovered at the same term, one in favor of A against B and sureties, and the other in favor of B against A, the Court, on motion of B, will set off the one against the other.

ON FACTS AGREED.

The plaintiffs recovered a judgment against Fuller and the other defendants as his sureties on a replevin bond; Fuller also recovered a judgment against the plaintiffs for a smaller sum, and he now moves, that his judgment be set-off, so far as it will go, upon the judgment against him and sureties.

The attorneys, who commenced the suit upon the replevin bond, and also some other suits in behalf of the plaintiffs, having claims for their fees and disbursements, resist the motion for the set-off.

The plaintiffs had assigned their suits, and Fuller's action was brought after notice of that assignment.

The opinion of the Court, SHEPLEY, C. J., WELLS, RICE and HATHAWAY, J. J., was drawn up by

HATHAWAY, J. — On the 13th of Sept. 1845, plaintiffs (in-

habitants of Massachusetts,) sued Timothy Fuller in this county, the suit was defended, and Fuller recovered judgment for his costs, January, 1849. October 23, 1845, Fuller replevied some lumber from plaintiffs and recovered judgment for part of it and for his costs, and plaintiffs prevailed as to the residue and had judgment for a return and their costs, which were paid. The lumber not having been returned, this action was brought upon Fuller's replevin bond, and defaulted Oct. 7, 1851, for about $375. June 5, 1850, Fuller sued his two judgments against plaintiffs for costs and recovered judgment by default, the same Oct. 7, 1851, and moved the Court to offset the judgment recovered by him against plaintiff's judgment on his replevin bond. The case, surely, presents no good reason, why Fuller's judgment against the plaintiffs should not, to its amount, cancel their judgment for their debt, recovered against him and his sureties. R. S. ch. 114, § 74, 75; *Burnham* v. *Tucker*, 18 Maine, 179.

Plaintiff's attorney claims a lien upon the judgment for costs and disbursements in sundry other actions, stated in the report of the case. Such claim cannot be sustained.

*Defendant's motion is allowed and offset ordered.*

*Cutting* for the plaintiffs.

*J. Appleton*, for the defendants.