CURRIER *v.* BOSTON AND MAINE RAILROAD.

The attorney has a lien upon the judgment rendered in favor of his client
    for the amount of his fees and disbursements in the suit, but the lien
    extends only to the fees and disbursements of the attorney on account of
    the taxable costs.

Where a sum is confessed in damages by the defendant, and the plaintiff
    proceeds for more, but recovers nothing beyond the amount confessed,
    the attorney of the plaintiff is entitled to the lien upon the judgment
    for the amount confessed, and of the defendant upon the judgment ren-
    dered in his favor for costs; and the court will not set off the amount
    to be rendered in one judgment against the other, to the prejudice of
    the lien of either attorney.

THIS action was commenced in the court of Common
Pleas, January term, 1852. July 12, 1853, the defendants

filed a confession for $200. The plaintiff refused to accept the confession in full of his claim, and prosecuted the suit for greater damages. At the August term, 1856, the action was tried, and a verdict found for the defendants, on which the Supreme Judical Court have ordered judgment. The defendants now move that the sum confessed be deducted from their taxable costs, and that execution issue in their favor for the balance; or that judgment be rendered for the plaintiff for the sum confessed, and for the defendants for their costs, and that the judgments be offset. The plaintiff's counsel claim a lien on the sum confessed and the judgment thereon, and resist the motion, and the questions arising on the motion are reserved and assigned to this court for determination.

*Christie & Kingman,* for the plaintiff.

1. The plaintiff's counsel claim judgment in favor of the plaintiff for the sum confessed and interest thereon, and costs to the time of the confession, as matter of right.

2. They also claim a lien upon this judgment for their fees and disbursements in the cause, as well after as before the time of the confession.

3. We submit that the court have no power or right to offset this judgment against any judgment which the defendants may obtain in the cause for costs therein accruing since the time of the confession; and further, that the court have no right in any case to offset judgments, and thus deprive the parties of their executions — the statute having made provision that executions may be offset by the sheriff; and this is not to be done to the prejudice of the attorney's lien, where notice is given.

4. An attorney has a general lien for his costs upon all the papers with which he is intrusted by his client, and upon money or a judgment recovered for him. 2 Sch. & Lef. 279, *ex parte Nesbit;* 18 Ves. 282, *ex parte Pemberton;* 16 Ves. 259, *ex parte Sterling;* 12 Mod. 554; 4 D. & E.

123; *Dennett* v. *Cutts*, 11 N. H. 163; *Mitchell* v. *Oldfield*, 1 M. & S. 535.

5. Courts seem disposed to favor the lien of an attorney as advantageous to both the solicitor and client. 1 Mod. 52, *ex parte Bryant.*

In *Green* v. *Farmer*, 1 Black. 651, Lord *Mansfield* says: "Natural justice is certainly much in favor of liens; so that courts have always leaned that way, as far as consistent with positive law."

6. If the $200 confessed had been brought into court under a rule, the plaintiff's counsel might have taken the same out of court, gone on for more, and retained this as fees in the cause generally; and we submit that the statute allowing confessions was not intended to introduce such change of the law in favor of the defendants as is now claimed in this case.

Again: Might not the plaintiff, at the next term after the confession, have taken out judgment and execution for the sum confessed, and still gone on with the suit for more?

If so, the counsel for the plaintiff might have collected the sum confessed, and retained the same as fees generally in the cause.

Poor plaintiffs have a right to bring and contest suits on their own responsibility, and the defendants are not entitled to security for the costs.

*Samuel M. Wheeler*, for the defendant.

In the common pleas and in chancery, the rule was that the attorney had only such a lien on the costs as is subject to the equitable claims of the parties in the cause — "upon the clear balance which is the result of the equity between the parties;" but in the king's bench and exchequer the right of set-off seems to have been considered subject to the attorney's lien. *Taylor* v. *Popham*, 15 Ves. 75; *Randall* v. *Fuller*, 6 D. & E. 456; *Glaister* v.

*Hewer,* 8 D. & E. 69; *Emden* v. *Darley,* 1 New Rep. 22; *Schoole* v. *Noble,* 1 H. Bl. 23; *Hall* v. *Ody,* 2 Bos. & Pul. 28; 2 Kent's Com. 641; 4 Bos. & Pul. 22.

But this rule in the king's bench and exchequer seems in all cases to have been applied to the set-off of judgments in separate actions, and not when the claims arose in the same cause.

In New-York the rule is adopted which governs in the common pleas. *Porter* v. *Lane,* 8 Johns. 357; *Mohawk Bank* v. *Burrows,* 6 Johns. Ch. 377; *St. John* v. *Dressendorf,* 12 Wend. 271.

The case, *Porter* v. *Lane,* is in principle like the case at bar, and we see no reason why it should not be adopted by the courts in this State.

The attorney's lien does not attach until judgment, and this motion is that the set-off shall be made and judgment entered in favor of either party, as the balance shall be found. *Potter* v. *Mayo,* 3 Greenl. 34; *Getchell* v. *Clark,* 5 Mass. 309; *Young* v. *Dearborn,* 27 N. H. (7 Foster) 324.

This lien of attorneys is put upon the ground that the attorney's services, and the money he may have expended, have gone into the judgment, and made a part of it; that the judgment is the fruit of his labor. But in this case there was a confession of judgment for the amount the plaintiff recovers, made near the commencement of the action, and a very large amount, nearly all in fact, claimed by the lien, has accrued since the confession.

The lien of an attorney does not extend to counsel fees or the commissions, but only to the taxable costs. *Ocean Ins. Co.* v. *Rider,* 22 Pick. 210; *Wright* v. *Cobleigh,* 21 N. H. (1 Foster) 341.

SAWYER, J.* The lien of an attorney upon the judgment which he has obtained for his client for the amount of his fees and disbursements, rests upon the equity of

---

* PERLEY, C. J., did not sit.

Currier *v.* Boston and Maine Railroad.

his claim to be repaid out of the proceeds of the judgment, for his advances and services, on account of which costs have arisen that have entered into and constitute a part of the judgment itself. It is consequently held that the lien is limited to the fee and disbursements in that cause; *Shapley* v. *Bellows*, 4 N. H. 347; and does not extend to "commissions" on the amount recovered in the judgment, though proper to be allowed as between attorney and client. *Wright* v. *Cobleigh*, 21 N. H. (1 Foster) 339.

In Maine it is held that the lien cannot, in any event, extend farther than to fees legally accruing, and advances made by way of disbursements for the accruing costs; *Hooper* v. *Brendage*, 22 Me. 460; and in Massachusetts that it is limited to the taxable costs, and does not extend to the counsel fees. *Ocean Ins. Co.* v. *Rider*, 22 Pick. 210.

Upon these authorities, as well as upon a consideration of the nature of the lien, and of the reasons upon which it is founded, we think it is to be thus limited, and that consequently, if the attorney of the plaintiff is entitled to the lien which he claims upon the judgment to be rendered for the amount confessed, it can extend only to the taxable costs to be included in the judgment. Other fees accruing and advances made subsequently to the confession, are in no way incident to or connected with that judgment, but arise upon a separate proceeding, namely, the trial of the issue upon the question of damages beyond the amount confessed, and by which that amount is entirely unaffected.

Whether the plaintiff's attorney is entitled to this lien depends upon the question whether it attaches to the judgment, upon its being rendered, irrespective of the equities between the parties, or whether it is subject to these equities, and thus attaches only to the net balance, after deducting such claims as are proper to be set off against the judgment.

In New-York it has been held that the lien cannot be permitted to interfere with an equitable adjustment of the

claims of the parties, and is therefore subject to the set-off of the judgments. *Porter* v. *Lane*, 8 Johns. 357. The cases of *Hall* v. *Ody*, 2 B. & P. 28, and *Emden* v. *Darley*, 4 B. & P. 22, are the only authorities cited as sanctioning this doctrine. Both these are cases in the common pleas in England, sustaining this as the rule in that court. But in the former case Lord *Eldon*, then recently appointed chief justice of that court, expressed his surprise that by the settled practice of that court the attorney, by whose diligence the fund had been recovered, was not entitled to take his costs out of it, in preference to the right of the opposite party to the set-off; and emphatically declared that it was in direct contradiction to the practice of every other court, as well as to the principles of justice; and he acquiesced in the decision in that case only because the attorney who claimed the lien had acted with the knowledge of the settled practice of that court, and therefore had no right to claim the advantage of a more just principle. Now in England, under the rule of the court of 2 Will. 4, plaintiffs' attorneys have a lien upon the judgment obtained by them for their costs in that particular suit, and no set-off is allowed to the prejudice of their lien. *Simpson* v. *Lamb*, 40 Eng. L. & E. 59.

By the decision in *Shapley* v. *Bellows*, it is to be considered as settled in this State that the more just and equitable rule prevails here, that the lien of the attorney on the judgment for his costs is paramount to the right of the opposite party to set off the judgment. That case, it is true, involved the inquiry only whether the lien existed as against a set-off of the executions by the sheriff, under the statute which declares that mutual executions shall be set off by the officer to whom one has been delivered, and the other may be tendered. So strong is the equity of the attorney's claim to his lien upon the judgment for the costs, which have entered into and made part of the judgment, considered to be, that the provision of the statute,

though in terms imperatively requiring the officer to set off the executions, was construed as containing the implied condition that it should not be done in derogation of the attorney's right to claim the judgment as his own, by way of his lien upon it, to the extent of those costs. It would be inconsistent with the principle upon which that decision is founded, to hold that the court are at liberty to adjust the judgments, or the claims upon which they are founded, according to equity as between the parties, in disregard of the right of the attorney in either case to his lien. Judgment, therefore, is to be rendered for the plaintiff for the amount of the confession, and his costs to the time of confession filed, and for the defendants for their costs subsequently accruing; that the attorney of either party may have his lien upon the judgment in favor of his client; and when the amount of the claims to which these liens apply has been paid out of the respective judgments, the residue may be set off and execution issue for the net balance which may be found due to either party.