NEW HAVEN COPPER COMPANY *versus* CHARLES S. BROWN.

When two actions are in the same Court, at the same time, wherein the plaintiff in each is entitled to judgment, and wherein the creditor in one is the debtor in the other, and a motion is made to set one judgment off against the other, so far as one will extend towards the satisfaction of the other, the Court will order the set-off, if the rights of others do not interfere.

The Court has the power to withhold judgment until the defendant, as plaintiff in another action, using due diligence, shall obtain his judgment for damages; after which one judgment may be set off against the other, or one execution may balance the other.

Whenever a set-off of judgments can be made by the Court, before which the actions are pending, or by the officer having executions, the creditor in one being the debtor in the other, "the demands are of such a nature" as to be within the provisions of the Revised Statutes of 1841, c. 114, § 74.

A. and B. obtained judgments against each other, and B. moved for a set-off. C., as assignee of A., objected:—

*Held*, that the assignee, before he can successfully resist the set-off, must make it appear that the assignment was before B. became entitled to the sum due him from A.

ON EXCEPTIONS from the ruling of RICE, J.

In this case an application was made to the Court by the defendant to have the judgment herein, and the judgment to be rendered in the action, *Charles S. Brown* v. *New Haven*

*Copper Company,* pending in this Court, set off, the one against the other.

The application was resisted by Wm. W. Goddard, who claimed to be the plaintiff in interest in said action against Brown, under an assignment of the subject matter of said action to him by said company.

The Court ordered the judgments to be offset.

To which order and ruling the said Goddard excepted.

*C. J. Abbott,* for plaintiff in interest.

The claim against the company is a purchased claim, and is not one which Courts will offset under circumstances like the present. R. S. c. 82, § 46 and following; *Burnham* v. *Tucker,* 18 Maine, 179; *Peabody* v. *Peters,* 5 Pick., 1; *Holland* v. *Makepeace,* 8 Mass., 418; *Sargent* v. *Southgate,* 5 Pick. 312.

In *Peabody* v. *Peters,* the Court say, (the demand in suit having been assigned,) "they, the defendants, *cannot* have a cross action and set off their judgments or executions."

But if one under any circumstances can avail himself of a purchased demand in a set-off of judgments, against an assignee of his creditor, he can do so only in relation to demands, purchased before the title of the assignee accrued; and the burthen of proof is upon him to show when he purchased.

If it did not appear in this case *when* the company assigned the claim against Brown, before Brown would be permitted to show any thing in payment or set-off, he would be obliged to show the *time* of the assignment. *Smith* v. *Prescott,* 17 Maine, 277; *Webster* v. *Lee,* 5 Mass., 334; *Wilbour* v. *Turner,* 5 Pick., 526.

Much more is he bound to show here when the note, which he offers in payment, was obtained by him, a fact peculiarly within his own knowledge.

A set-off of judgments, as asked for here, would be in violation of the letter and spirit of our statute. In the case of *Ford* v. *Stuart,* a set-off of judgments was allowed, where the foundation of the judgment asked to be set off, was a

purchased claim. 19 Johns., 342. But, in delivering the opinion of the Court, in *Burnham* v. *Tucker*, 18 Maine, 179, SHEPLEY, C. J., says expressly, that, under our statute, no such set-off could take place.

That exceptions furnish a remedy in cases like this, is settled in *Bartlett* v *Pearson*, 29 Maine, 9.

*J. A. Peters*, for defendant.

The case does not show that Brown had any *notice* of an assignment at any time prior to getting his demand against the plaintiffs, whenever it might have been, and therefore the offset must be made. *Porter* v *Leach*, 13 Met., 482.

Where judgments in cross actions are obtained, the Court, on application, will set off one judgment against the other. 7 Mass., 140; 8 Mass., 451; 12 Mass., 195; 1 Pick., 211, 214, 215.

Where the demands are such that they cannot be filed in set-off, the Court will even delay judgment in one action, till judgment in a cross action can be obtained. *Adams* v. *Manning*, 17 Mass., 178, 180.

Courts permit judgments to be set off upon motion, when such set-off is equitable, even if parties are not the same, whether the statute expressly allows this, or not. 2 Parsons on Contracts, title "Set-off," p. 240, and numerous citations in the note.

The opinion of the Court was drawn up by

TENNEY, C. J.—By R. S., c. 81, § 68, and by R. S. of 1841, c. 114, § 74, it is provided that, when an action is brought in this State by any person not an inhabitant thereof, or who cannot be found therein, to be served with process, he shall be held to answer to any action brought against him by the defendant, if the demands are of such a nature that one judgment or execution can be set off against the other.

As between the parties upon the record, in the two cases in which the set-off is claimed by Charles S. Brown, the creditor in one and the debtor in the other, the provision of the statute quoted is applicable. But William W. Goddard in-

sists that the judgment against Brown was assigned to him, so that the set-off cannot be made, consistently with other provisions of the statute.

When an officer has in his hands executions, wherein the creditor in one is the debtor in the other, in the same capacity and trust, he shall cause one execution to satisfy the other, so far as it will extend; if one of such executions is in the hands of the officer, and the creditor in the other tenders his execution to him, and requests him so to do, he shall so set off one against the other. Executions shall not be so set off against each other, when the sum due on one of them has been lawfully and in good faith assigned to another person, before the creditor in the other execution became entitled to the sum due thereon. R. S., c. 84, § § 26 and 27.

When two actions, in the same Court and at the same time, wherein the plaintiffs in each are entitled to judgment, and wherein the creditor in one is the debtor in the other, and a motion is made to the Court to set one judgment off against the other, so far as one will extend towards the satisfaction of the other, the Court exercise the power to sustain such motion and make the set-off, if others' rights do not interfere. And, ordinarily, this may be done whenever the executions issued upon such judgments could be legally set off, one against the other, by the officer who may have them in his hands for service. *Makepeace* v. *Coates, and Coates* v. *Makepeace & al.,* 8 Mass., 451. And to enable a party to have the benefit of the exercise of such discretion in the Court, it has the power to withhold judgment, until the defendant, if he will use due diligence, shall obtain his judgment for damages; after which, one judgment may be set off against the other, or one execution may balance the other. *Adams & als.* v. *Manning & als.,* 17 Mass., 178.

It cannot be doubted that, whenever a set-off can be made by the Court before which the actions are pending, or by the officer having executions, the creditor in one being the debtor in the other, " the demands are of such nature" as to be within the provisions of the statutes first referred to.

Assuming that Goddard was the assignee of the demand in favor of the New Haven Copper Company against Brown, in law and in good faith, before he can resist successfully the set-off, it must appear that the assignment to him was before Brown became entitled to the sum due to him, in his action against the same company.

The note on which Brown's action was founded was dated January 4, 1857, nine months before the order by the treasurer of the company was drawn, and more than that before the order was accepted. The provision under which Goddard resists the set-off is an exception to the rule of the statute. In the case of *Porter* v. *Leach,* 13 Met., 482, where an officer, holding two executions, wherein the creditor in one was the debtor in the other, and refusing to make the set-off, as requested, was held liable in trespass, for taking the plaintiff's property to satisfy that part of the execution which would have been discharged by the application of the amount of that in his favor, WILDE, J., who delivered the opinion of the Court, says, "nor does it appear that the assignment was made before the plaintiff became entitled to the sum due on his execution, as the statute requires, in order to defeat his right of set-off." The statute, under which the case cited was decided, is substantially the same as that under which the motion for a set-off in the case which is under our consideration, was made.

To bring the case within the exception in favor of an assignee, the burden of proof is on him. It has not been shown, or attempted to be shown, at what time Brown became the owner of the note, by indorsement and negotiation, which is the foundation of his suit. Hence it does not appear that he was not entitled to the sum due on that note, before the assignment to Goddard.

The proceedings before the Probate Court in Connecticut have no application to the question before us. The rights of Brown were in no manner involved therein.

*Exceptions overruled.*

APPLETON, MAY, GOODENOW, DAVIS, and KENT, J. J., concurred.