MARTROM D. LEWIS, Administrator of BORNEFELD, Respondent, v. MICHAEL KINEALY et al., Appellants.

### April 10, 1876.

Where the intestate employed attorneys to bring a suit which was pending at the time of his death, and then revived in the name of his administrator, *held,* in a suit against the attorneys for the proceeds of the suit collected against them, that they could not offset their claim for professional services rendered to the intestate during his life-time, but were entitled to recover, as a set-off, the reasonable value of the services rendered to the administrator in prosecuting the suit after the intestate's death.

APPEAL from St. Louis Circuit Court.
*Affirmed.*

*M. Kinealy,* for appellants, cited : Frissell v. Hale, 18 Mo. 18–21; *In re* Paschal, 10 Wall. 438 ; Marshall v. Meich, 51 N. Y. 143 ; Am. Law Reg. (N. S.) 414, and note, 419 ; *Ex parte* Bush, 7 Vin. Abr. 74.

3

*Fisher & Rowell*, for respondent, cited : 4 Johns. Ch. 13 ; 20 Johns. 137 ; 8 Wend. 210, 530 ; 10 Paige, 319 ; 6 Barb. 330. 2 Hill, 213 ; Woodward and Thornton, Admrs., *v.* McGaugh & Brown, 8 Mo. 161 ; Wag. Stat. 1273, 1274 ; Mercein *v.* Smith, Admr., 2 Hill, 213, Wilson, C. J. ; Shannon's Admr. *v.* Dinan, 42 Mo. 269 ; Leessig *v.* Vertrus, 32 Mo. 431 ; 1 Am. Law Reg. 423 ; St. Johns *v.* Derfendorf, 12 Wend. 261 ; Waters *v.* Waters, 49 Mo. 288 ; Frisel *et al. v.* Hails, 18 Mo. 18.

BAKEWELL, J., delivered the opinion of the court.

The appellants are attorneys at law. This is a suit to recover $200, collected by them, out of which they claim to be entitled to retain $150, the value of their professional services. The intestate employed defendants to bring a suit which was pending at the time of his death, and which, after his death, was revived in the name of his administrator, and then compromised for $200, which was paid to defendants.

The services rendered during the life-time of the intestate were worth $125, and those rendered after his death were worth $25. The court, at the instance of plaintiff, declared the law to be—

1. "That defendants are not entitled to offset any claim or demand due them by Bornefeld at the time of his death, in this action."

2. "That defendants are not entitled to recover on their offset for any services rendered by them for Bornefeld, prior to his death, and are only entitled to recover, as a set-off, so much as the evidence shows the services rendered by them for said administrator, after said death, to be worth."

There was a verdict and judgment for plaintiff in accordance with these instructions. Defendants excepted, at the time, to the giving of the above instructions, and, a motion for a new trial being overruled, the cause is brought here by appeal.

It is contended by defendants that they have a lien upon

the money of a client which they collected, for services ren-
dered in and about the collection of the money, and on this
ground they claim that, in this case, there was due by them
to the administrator of Bornefeld the balance that remained
in their hands after deducting the reasonable value of their
services in the suit which culminated in this collection, and
no more. But, in the case before us, Bornefeld was dead
before the money was collected. They had no contract
with him which gave them a vested right to prosecute this
suit to a final determination.

During his life he might, had he chosen so to do, have
dismissed the suit at any stage of the proceedings, and, had
he been dishonest and insolvent, they would then have lost
their fee, had he refused to pay. Now, when this money
was actually collected by defendants, it no longer belonged
to Bornefeld. He was dead; an administrator had been
appointed, and to him this collection belonged.

Defendants were the attorneys for this administrator
only in virtue of a new employment by him, and he was
liable to them only for the services rendered after Bornefeld's
death. At the time of Bornefeld's death they had no lien
upon this fund, for it was not yet collected; they never
had a lien upon the *chose in action*, and would not have
had a lien upon the judgment had judgment been given.
When the collection was made, the money belonged to the
administrator, and they had a lien upon it for the services
rendered to the administrator, but not for those rendered
to Bornefeld before his death. The administrator, on
taking charge of the estate, might have refused to allow
this action, which abated with the death of Bornefeld, to be
revived in his name, or, on its revival, he might have
employed other counsel to prosecute it in his name. He
could not have contracted to give the defendants a lien upon
the fund, when collected, for their services during Borne-
feld's life, in the matter of this collection, because that
would have been unjust to the other creditors of Bornefeld.

The *chose in action* became, on Bornefeld's death, an asset of his estate, to be distributed according to law, and upon this *chose in action* defendants confessedly had no lien. It is not as if defendants, at the time of Bornefeld's death, had been bailees of some specific article of personal property belonging to the intestate, with a right to retain it for services rendered in the care of the subject of the bailment. The *chose in action* was one thing, the money collected was a different thing.

This money was not collected during Bornefeld's life, and defendants were not bailees of Bornefeld of this fund.

The instructions of the court below were a correct declaration of the law of this case; and, there being no error in the record, the judgment of the Circuit Court will be affirmed. Judge GANTT concurs. Judge LEWIS did not sit.