FITZHUGH *v.* McKINNEY.

*(Circuit Court, N. D. Texas. May 26, 1890.)*

1. EQUITY—JURISDICTION—REMEDY AT LAW—SET-OFF.
   Rev. St. Tex. art. 649, provides that if the plaintiff's cause of action be a claim for unliquidated damages founded on tort, the defendant shall not be permitted to set off any debt due him by plaintiff; and if the suit be founded on a certain demand, the defendant shall not be permitted to set off unliquidated damages founded on tort. Article 650 provides that defendant may set off any counter-claim arising out of, or incident to, plaintiff's cause of action. *Held,* that these provisions do not require the pleading of a set-off, so as to defeat a suit in equity to enforce it, on the ground that the party pleading it has an adequate remedy at law.

2. ATTORNEYS—LIEN ON JUDGMENT.
   Attorneys, under the laws of Texas, have no such lien on judgments recovered by them as that an assignment to plaintiff's attorney of a part of a judgment as compensation will defeat a suit in equity by defendant to enforce a set-off against such judgment.

In Equity. Bill for injunction.

*M. L. Crawford,* for complainant.

*J. M. McCoy* and *John R. Hayter,* for respondent.

McCORMICK, J. On the 14th day of June, 1889, the respondent, Charles W. McKinney, recovered a judgment at law in this court against the complainant, for the sum of $4,050, besides costs, in an action originally instituted on the 4th day of November, 1887. It does not so appear in the bill and answer, but it was admitted on the hearing that this recovery was for damages for wrongfully suing out and executing certain writs of sequestration in a litigation between the same parties in the state courts for Lamar county, which litigation in Lamar county resulted in the two judgments in favor of complainant set out in the bill in this suit. On the 15th day of June, 1889, the complainant presented his bill herein to this court, showing the recovery of said judgment against him for $4,050, besides costs, and showing that he had recovered a judgment against respondent on the 14th day of October, 1886, for $620, besides costs, and on the 15th day of May, 1888, had recovered a judgment against respondent for $2,343.69, the first judgment drawing interest at the rate of 8 per cent. per annum, and the other at the rate of 12 per cent. per annum, both in full force; and that these, with the interest thereon, aggregated the amount of $3,400.61, no part of which had been paid, or in any manner discharged; that said Charles W. McKinney is notoriously insolvent; that complainant had paid to the clerk of this court all the costs adjudged against him in the suit of respondent against him, and had tendered to the respondent a full acquittance and discharge of both of said judgments against respondent, and the sum of $649.40, the difference between respondent's judgment against complainant and the two judgments of complainant against respondent, which respondent had refused to accept, and complainant had paid said sum of money, to-wit, $649.40, into the registry of this court for the respondent, and attached to his bill the instruments in writing, discharging complainant's judgments against respondent, and

prays that his said set-off and payment may be allowed, and the judgment against him forever enjoined. The answer substantially admits the material allegations of the bill, but presents—*First.* By way of plea and demurrer to the bill, the defense that the complainant could have pleaded his said judgments in set-off, in the action at law against defendant, and that, having failed to avail himself of this adequate remedy which he had at law, he cannot maintain this suit in equity. *Second.* Respondent says that on the day his said judgment was recovered against complainant, to-wit, on the 14th day of June, 1889, and before complainant's bill was presented to this court, the respondent, in consideration and fulfillment of a contract he had with his attorneys, to compensate them for their services as such attorneys in said action at law, had transferred to them a one-half interest in said judgment, and that on the same day, to-wit, the 14th day of June, 1889, he transferred the other half of said judgment to one Luther Rees, in part payment of his homestead in Dallas, Tex., on which that amount remained unpaid. The provisions of the Texas statutes bearing on the first ground of defense urged by the respondent is in these words:

"Art. 649. If the plaintiff's cause of action be a claim for unliquidated or uncertain damages, founded on a tort or breach of covenant, the defendant shall not be permitted to set off any debt due him by the plaintiff; and if the suit be founded on a certain demand, the defendant shall not be permitted to set off unliquidated or uncertain damages founded on a tort or breach of covenant on the part of the plaintiff. Art. 650. Nothing in the preceding article shall be so construed as to prohibit the defendant from pleading in set-off any counter-claim founded on a cause of action arising out of, or incident to, or connected with, the plaintiff's cause of action." Rev. St. Tex. (Ed. 1879,) tit. 21.

It may be that under these provisions the complainant in this case was not prohibited from pleading his judgments in set-off to respondent's action for damages, but a careful consideration of the Texas cases satisfies me that he was not required to do so, and that his failure to do so would not preclude him from the relief he seeks in this suit. Under the Texas decisions, the most that can be claimed on account of said failure is the charging of complainant with the costs of this suit. *Walcott* v. *Hendrick*, 6 Tex. 415; *Hanchett* v. *Gray*, 7 Tex. 549; *Wright* v. *Treadwell*, 14 Tex. 256; *Simpson* v. *Huston*, Id. 476; *Duncan* v. *Magette*, 25 Tex. 245. It can make no difference that complainant's judgments were rendered by the state courts, and the judgment against him was rendered by this court, and therefore application has to be made to this court for relief by bill in equity. If all three of the judgments had been in the state courts, where no distinction between law and equity affects cases, and the complainant would there be entitled to the relief he seeks here, he cannot lose his rights because he was sued in the circuit court. This court has the right and power to grant him as full relief as he could get in the state courts. If the complainant had the right to have his judgments set off against the respondent's judgment, the right existed at the very instant respondent's judgment was rendered, and could not be affected by the alleged assignments of the judgment to respondent's attor-

neys or to Rees. *Merrill* v. *Souther*, 6 Dana, 305. That attorneys have no such lien on judgments recovered by them in this state as is claimed in respondent's answer is I think well settled. *Wright* v. *Treadwell, supra.* A decree will be entered granting the complainant the relief prayed for in his bill, except as to costs, which will be adjudged against complainant.