[No. 728.   August 26, 1898.]

FREDERICK SCHOLLE, Plaintiff in Error, v. MAXI-MILIANO PINO, Defendant in Error.

SYLLABUS BY THE COURT.

Set-off—Judgments in Cross-Actions—Assignments.—1. Judgments in cross-action may be set off, the one against the other, when the parties in interest are the same, on motion addressed to the court in which one or both of the actions is pending.

2. If, after both such judgments or claims are matured, one party assigns his judgment or claim, such set-off will be allowed notwithstanding such assignment.

*Error*, from a judgment for plaintiff, to the Second Judicial District Court, Bernalillo County. Motion by defendant in error for affirmance. Affirmed. Motion by plaintiff in error for set-off. Granted.

The facts are stated in the opinion of the court.

Neill B. Field for plaintiff in error.

The attorney's lien at common law existed only as to any balance which might be due to the client after the right of set-off was allowed. The right to the taxed costs was superior to the right of set-off, but we had no such taxed costs in this territory (as are provided by the Code of Civil Procedure) when this judgment was recovered. No services were performed by the attorney for Pino for which even under the code they would be entitled to have costs taxed against Scholle.

12 Am. and Eng. Ency. of Law 150; 2 Par. Con. 736; 3 Id.
269; 2 Black on Judg., sec. 1000; Wat. on Set-off 390;
Pierce v. Bent, 69 Me. 385; Schermerhorn v. Schermerhorn,
3 Caine Rep. 189; Sowles v. Witters, 40 Fed. Rep. 413;
Insurance Co. v. Rider, 39 Mass. 210; Wright v. Cobleigh,
23 N. H. 32; Moody v. Towle, 5 Me. 359; Hooper v. Brund-
age, 22 Me. 460; Greene v. Hatch, 12 Mass. 195; Bridges v.
Smyth, 8 Bing. 431; Prince v. Fuller, 34 Me. 122.

TOMAS C. MONTOYA and WARREN, FERGUSSON & GILLETT
for defendant in error.

LELAND, J.—This cause comes into this court on error
to the district court of Bernalillo county.

The plaintiff in error having failed to prosecute his case in
this cause, and the defendant in error having duly made a
motion herein for an affirmance of the judgment of the lower
court, and no reason being offered as to why such judgment
should not be affirmed, said judgment is hereby affirmed with
costs, and ten per cent damages.

Though plaintiff in error failed to prosecute his writ of
error in this case, he has filed in this case a motion to set off a
judgment owned and held by him against this defendant in
error, which motion is duly supported by affidavits.  From
the record, papers and motions on file in this court, the follow-
ing state of facts exists in this case:  Defendant in error
herein recovered a judgment against plaintiff in error herein
in the court below for the sum of twelve hundred and sixty-
three ($1,263) dollars and costs, to reverse which judgment
plaintiff in error prosecuted error in this court.   During the
pendency of this case in the supreme court of New Mexico
plaintiff in error in this case prosecuted and recovered a judg-
ment in a different action, in Valencia county, New Mexico,
against the defendant in error in this action for the sum of
two thousand, four hundred and seven ($2,407.48) dollars and
forty-eight cents debt, with interest from October 15, 1897,
and costs, including two hundred and forty ($240.78) dollars
and seventy-eight cents attorney's fees.   On the eighth day of

July, defendant in error assigned all his interest in the judg-
ment below against plaintiff in error herein, to S. B. Gillett
and Thomas C. Montoya, two of his attorneys of record herein.
Plaintiff in error seeks by his motion herein to set off his judg-
ment against defendant in error to the extent of the judgment
of defendant in error, notwithstanding the assignment of de-
fendant in error.

On this motion invoking the court to permit one
judgment to be used as a set-off against another, we
think the law is well settled in this country that courts have
full and complete power to make such orders
allowing one to set-off the other pro tanto where
they are between the same parties.

Set-off: judg-
ments in cross-
actions: assign-
ment.

In the case of Pierce v. Bent, 69 Maine 381, decided in
1879, the court said in speaking of this question, "It is well
settled, both in England and this country, that judgments in
cross action may be set off the one against the other, when the
parties in interest are the same, on motion addressed to the
court in which one or both of the actions is pending. If the
amounts are equal, both will be satisfied. If the amounts are
unequal, the smaller will be satisfied in full, and the larger to
the extent of the smaller, and an execution will issue for the
balance. Such a set-off will not be allowed to defeat an at-
torney's lien for costs, but his lien extends only to the taxable
costs. An assignment will not defeat the right of set-off if
both causes of action existed which the assignor did not have
and if the right of set-off had attached at the time of the
assignment, as it always does when both causes of action have
then matured the assignee must take the demand—cum onere
—with the right of set-off still clinging to it; nor will it make
any difference that one of the judgments is against a principal
and his sureties. A judgment in favor of the principal alone
may be applied in satisfaction of one against him and his
sureties.

And the right of set-off in this class of cases is not de-
pendent upon statutory law. It exists at common law. All
of these propositions are sustained by adjudged cases, as well

as the leading text books. The cases are too numerous for citation. The right to have the set-off moved for in these cases made, is unquestionable. All possible objections to it are fully answered by the authorities and text writers. In support of this opinion the court cites: Goodenow v. Buttrick, 7 Mass. 140; Greene v. Hatch, 12 Mass. 195; Winslow v. Hathaway, 1 Pic. 211; Moody v. Towle, 5 Maine 415; Ocean Ins. Co. v. Rider, 22 Pick. 210; Burnham v. Tucker, 18 Maine 179; Hooper v. Brundage, 22 Maine 460; Prince v. Fuller, 34 Maine 122; New Haven Copper Co. v. Brown, 46 Maine 418; 2 Parsons on Contracts 242.

We think this case fully states the doctrine as well as the practice in the matter of setting off one judgment against another. In the case at bar both claims existed and were mature at the time of the assignment, and following the law, as laid down in the case from which we have quoted at length, we hold that the set-off may be allowed in this case to the extent of the judgment recovered by the defendant in error, and execution may issue to obtain satisfaction for the unsatisfied portion of the judgment owned and held by plaintiff in error. Inasmuch as attorneys have no lien for costs in this jurisdiction, that question does not arise in this case. Messrs. Montoya and Gillett took their assignment of the judgment of defendant in error burdened with this right of set-off, and as their assignor could not give them a better title than he had, their title falls with that of their assignor.

McFie, J.; Mills, C. J.; Crumpacker and Parker, JJ., concur.