MARY L. STAFFORD, Plaintiff

v.

CATHRINE PALIDORE and ROSA PALIDORE,
Defendants

September Term, 1927; Frederiksted

No. 57

District Court of the Virgin Islands

Christiansted Sub-Judicial District
St. Croix

January 10, 1928

WILLIAMS, *Judge*

The plaintiff seeks to obtain a set-off, on account of a judgment previously obtained, against a claim for attorney's fees as well as costs in a subsequent case. It appears from the records of this court, that on May 31st, 1927, the plaintiff recovered judgment against the defendant Cathrine Palidore, in case No. 53, 1927 (Frederiksted), for the sum of $1847.64, with interest and costs, and that an execution was had thereon resulting in the collection of $352.02, leaving $1495.62 (together with interest and costs) unliquidated. The records of this court further show that complaint was filed on the 8th August, 1927, by the said Mary L. Stafford against the said Cathrine Palidore and Rosa Palidore, same being the above entitled case, wherein the plaintiff endeavored to set aside a transfer of property in Frederiksted known as No. 16b King's Street, by the said Cathrine to the said Rosa Palidore, the grantor however retaining the life interest therein, which conveyance, according to the allegation, was with intent to hinder and defraud the plaintiff in the collection of said judgment claim. The case went to trial before the Court and a jury, and resulted in a verdict and judgment for the defendant. As a consequence of the verdict for the defendants, a bill of costs aggregating $99.80 — made up in the following manner: Filing answer, 60c; verification to answer, 20c;

jury fee, $24.00; attorney's fee, $75.00 — was filed with the clerk, but it does not appear that the same was served on the adverse party. There seems to be no contention about any of the said items except the attorney's fee of $75.00, as it is supposed there is no question about the set-off so far as the costs are concerned.

Chapter 50, Title III, of the Code (1921; 5 V.I.C. §§ 541, 541 note, 542-547), deals with costs and disbursements, which include counsel fees. Plaintiff makes no objection about the allowance of counsel fee in the motion for a set-off, but contends that his client's judgment claim — which was obtained prior to the judgment in the case out of which the attorney's fee arose — is entitled to priority.

Section 12 of Ordinance of December 24, 1918 (Col. Council of St. Croix; 4 V.I.C. § 441 note), "To better provide for the appointment of Attorneys, their admission to practice, their duties and authority, and for other purposes," is as follows:

"That an attorney has a lien for his compensation, whether specially agreed upon or implied, as provided in this section —

"First. Upon the papers of his client which have come into his possession in the court of his professional employment;

"Second. Upon money in the hands of the adverse party in an action or proceeding in which the attorney was employed from the time of giving notice of the lien to the party;

"Fourth. Upon a judgment to the extent of the costs included therein, or, if there be a special agreement, to the extent of the compensation specially agreed on, from the giving notice thereof to the party against whom the judgment is given and filing the original with the clerk where such judgment is entered and docketed. This lien is, however, subordinate to the rights existing between the parties of the action or proceeding.".

It will be noted that the lien of the attorney exists only "from the giving notice thereof to the party against whom the judgment is given and filing the original with

the clerk where such judgment is entered and docketed," but the plaintiff, in her motion seems to waive any irregularity in this respect, as she claims a set-off in the amount claimed, to wit, $99.80, for, as the motion goes, the regularity of the various items in said claim is not brought into question, and, therefore, as to such matters nothing is said. The necessity and manner of giving notice, and to whom notice is to be given, is dealt with and disposed of in the following cases, which would have controlled this action if such question were involved: Morrell v. Miller et al., 29 Pac. 710; Day v. Larsen, 47 Pac. 101; Boston & Col. Smelting Co. v. Pless, 10 Pac. 652; Stearns v. Wollenberg, 92 Pac. 1079; Wagner v. Goldsmith, 93 Pac. 689; Alaskan Code, sec. 1584, page 575 (CLA 1913; ACLA 1949, § 26-8-1).

The case is to be considered on the papers as presented, and is so considered. Therefore, for the purposes of this motion, it is understood that the items of costs and counsel fee are admitted to be regular. The facts were understood, at the argument, to be as set forth in plaintiff's motion, and the case was argued on that basis. Hence there is no question of fact involved, but only the law question as to whether or not the attorney's lien has a priority over the judgment claim of Mary Stafford.

■ The right as to a set-off in such circumstances is discussed in a footnote to Hanna v. Island Coal Co., 55 Ind. App. 163, 51 Am. St. Rep., at page 268, which is given in full:

"Setoff — Assignment of Judgment. Upon the question as to whether the lien of an attorney is subject to a right of set-off in the other party to the suit, there are two lines of cases, one holding that it is, the other, that it is not. Those cases holding that it is do so upon the ground that such lien is subject to, and must give

137

way to, the equitable rights of the parties. As an attorney has no lien for any greater amount than what is found to be actually owing by the opposite party to his client, it is reasoned that his lien must be subject to the equitable claims of the parties in the cause, as well as to the rights of third parties, which cannot be varied or controlled by it. His lien is subordinate to the right of set-off: See McDonald v. Smith, 57 Vt. 502; Fairbanks v. Devereaux, 58 ¡Vt. 359; Yorton v. Milwaukee, etc., Ry. Co., 62 Wis. 367; Bosworth v. Tallman, 66 Wis. 533; Mohawk Bank v. Burrows, 6 Johns. Ch. [N.Y.] 317; Porter v. Lane, 8 Johns. [N.Y.] 357; Nicoll v. Nicoll, 16 Wend. [N.Y.] 446; Wright v. Treadwell, 14 Tex. 255; Benjamin v. Benjamin, 17 Conn. 110; Marshall v. Cooper, 43 Md. 46; Levy v. Steinbach, 43 Md. 212; Moseley v. Norman, 74 Ala. 422; Ex parte Lehman, 59 Ala. 631; People v. New York Common Pleas, 13 Wend. [N.Y.] 649, 28 Am. Dec. 495; Renick v. Ludington, 16 W. Va. 378; Andrews v. Morse, 12 Conn. 444, 31 Am. Dec. 752; National Bank v. Eyre, 8 Fed. 733; Fitzhugh v. McKinney, 43 Fed. 461.

"An assignment of the judgment by the plaintiff to his attorneys to secure them for their fees, disbursements, and advancements will not defeat a right of set-off: Yorton v. Milwaukee, etc., Ry. Co., 62 Wis. 367; Fitzhugh v. McKinney, 43 Fed. 461.

"Those cases holding that the attorney's lien is superior to the right of set-off do so upon the ground that the equity of the attorney to claim and maintain his lien is strong, and ought to be respected, especially where his fees for obtaining a judgment appear to be just. His right, therefore, to a lien for his costs is considered paramount to the right of the debtor to set off a judgment he holds against the judgment creditor: See Shapley v. Bellows, 4 N.H. 347; Currier v.

Boston, etc., R.R., 37 N.H. 223; Holt v. Quimby, 6 N.H. 79; Phillips v. Mackey, 54 N.J.L. 319; Carter v. Davis, 8 Fla. 183; Davidson v. Alfaro, 80 N.Y. 660; Diehl v. Friester, 37 Ohio St. 473; Warfield v. Campbell, 38 Ala. 527, 82 Am. Dec. 724; Bradt v. Koon, 4 Cow. [N.Y.] 416. Compare Lewis v. Kinealy, 2 Mo. App. 33. It must be observed that the statute has so changed the rule in some of the states as to make some of the earlier cases valueless as authority. Thus, in New York, since the act of July 10, 1879, section 66, no set-off is allowed as against the attorney's lien. Naylor v. Lane, 66 How. Pr. [N.Y.] 400; Ennis v. Curry, 61 How. Pr. [N.Y.] 1; Turno v. Parks, 2 How. Pr. (n.s.) [N.Y.] 35; Place v. Hayward, 3 How. Pr. (n.s.) 59. It is not clear how far the attorney's right of lien will stand in the way of a set-off sought in an equitable action: Davidson v. Alfaro, 80 N.Y. 660; though it was not allowed to do so in Fitzhugh v. McKinney, 43 Fed. 461."

It will thus be seen that the weight of authority is in favor of the prior claim and the right to a set-off, and that, in some cases where the attorney's fee has a priority such right has been given by statute. Aside, however, from the general authorities, which seem to be in favor of plaintiff's claim, the last sentence of section 12 (Ord. Dec. 24, 1918), supra, declares that — "This lien is, however, subordinate to the rights existing between the parties to the action or proceeding."

■ The attorney's lien is given by this very section (§ 12 of Ord. Dec. 24, 1918, supra), and its status is likewise fixed by it. It can be claimed, according to the statute, only upon giving notice in accordance therewith, after the rights of the parties have been taken care of.

■ When the second suit was instituted it was known

by the attorney that the judgment claim existed, because it was made the very basis of the subsequent action, and, certainly, as between the attorney who acted with such knowledge and the judgment claimant, who has been so much injured by the defendant, Palidore, whom the attorney represents, there can scarcely be said to be any equity in favor of the attorney as against the claimant. In any circumstance, the right to a set-off is a very substantial right existing between the parties, and seems to have been protected by the ordinance.

Now, it must be remembered that there are two defendants, against one of whom there is no judgment, namely, Rosa Palidore; hence the judgment could not be set off against her claim for costs. The judgment could only be set off against the person on whom it rests. It should not be allowed to interfere with the rights of the party not affected by it; hence the set-off will be allowed against the portion of the charges due Cathrine Palidore, and judgment will be signed in accordance therewith, upon presentation.