No. 13,747.

HARSHMAN v. ARMSTRONG ET AL.

ATTORNEY AND CLIENT.—*Lien for Services.*—*Preference of Creditor.*—Where attorneys, under an agreement with their client, A., give notice of a lien for $2,000 upon a decree of foreclosure in favor of A., $1,200 being for services in the foreclosure proceeding and $800 for other services, and upon a sale under the decree are permitted by A. to retain the full amount of his indebtedness to them, they hold the entire sum so received free from the demands of a creditor of A. who had no lien upon the fund so applied, even if they did not acquire a valid attorney's lien on the decree in excess of $1,200.

From the Clinton Circuit Court.

*J. N. Sims*, for appellant.

*J. V. Kent*, for appellees.

MITCHELL, J.—This was a proceeding by Harshman to subject certain money alleged to be in the hands of the attorneys of Armstrong to the payment of a judgment recovered by the former against the latter.

It appears that Harshman recovered a judgment against Armstrong, in the circuit court of Clinton county, for $547, in the year 1880. Subsequently, in June, 1883, Armstrong, after protracted litigation, obtained a decree foreclosing an indemnity mortgage upon certain property owned by Catterlin. The property was ordered to be sold to pay a judgment in Armstrong's favor, amounting to about $4,300. McClurg & Kent, Armstrong's attorneys in the litigation with Catterlin, gave due notice that they held a lien upon the decree for $2,000 due them for legal services in obtaining the judgment and decree. The court found that the services of the attorneys, in obtaining the decree, were reasonably worth $1,200 ; that Armstrong owed them $800 besides, for other legal services, and that the notice of the lien for $2,000 was entered in pursuance of an agreement between Armstrong

and his attorneys that the latter should take a lien on the judgment for the whole amount due them.

Subsequently the sheriff sold Catterlin's property in pursuance of the decree, and the attorneys received the $2,000 due them from Armstrong, and for which they had..taken a lien as above, and the question now is whether the appellant, Harshman, can subject the $800, paid to the attorneys in the manner above mentioned, to the satisfaction of his judgment, it having been made to appear that Armstrong was insolvent and without any property subject to execution at the time this proceeding was commenced.

It is contended that the judgment must be reversed, because it is said that the attorneys could only acquire a lien on the decree for the value of their services in obtaining it, and that they could not acquire a lien for the $800 due them for legal services in other litigation. Conceding this to be so, still it does not help the appellant's case. If Armstrong actually owed his attorneys $2,000, which is an uncontroverted fact in the case, it was competent for him to pay them, or to permit them to retain that amount out of the money collected, whether they had a lien on the decree or not.

The appellant had no lien or other claim on the judgment, or on the proceeds of the sale. He is therefore not in a situation to raise any question about the lien of the attorneys. If they held a valid claim against Armstrong for the amount retained by them, other creditors, who had no lien upon the fund, can raise no question as to their right to receive payment of their debt.

It has often been held that a debtor, so long as he has the control and disposition of his property, has a right to prefer one creditor, to whom he owes an honest debt, to the exclusion of others, whose claims are equally meritorious. *Gilbert* v. *McCorkle*, 110 Ind. 215, and cases cited; *Fisher* v. *Syfers*, 109 Ind. 514; *Winslow* v. *Wallace*, 116 Ind. 317.

The only question properly before the court was, did

Armstrong actually owe the defendants the amount which, by mutual agreement with him, they retained out of the judgment? That inquiry having been found in the affirmative, the judgment rendered by the court followed necessarily.

There was no error in admitting evidence to show that the claim of $800, in addition to that arising out of the services rendered in obtaining the decree, was a valid claim. It appearing that there was a general balance of $2,000 due the defendants as attorneys, it was their right to obtain payment of it, and that they did so out of a fund upon which the appellant had no lien was not legally a fraud upon the latter. *VanEtten* v. *State*, 24 Neb. 734.

Judgment affirmed, with costs.

