Decided December 21, 1896.

# DAY v. LARSEN.
(47 Pac. 101.)

30  247
36  416

WHEN AN ATTORNEY'S LIEN ATTACHES TO A JUDGMENT—CODE, §
1044.—An attorney's lien does not attach to a judgment, or become
binding on the judgment debtor, until the attorney has given
notice of his lien to such debtor, and filed the original with the
clerk of the court where the judgment was entered, as required
by section 1044 of Hill's Code; so that if the debtor pays or
settles the judgment before notice of the lien is served, the lien
will not attach, regardless of whether the satisfaction has been
entered or not.*

From Multnomah: E. D. SHATTUCK, Judge.

This is an appeal from an order of the Circuit Judge
upholding the clerk of his court in refusing to satisfy on
the record a certain judgment. The facts are fully stated
in the opinion.

REVERSED.

For appellant there was a brief by *Messrs. Milton W.
Smith* and *Walter S. Perry*, with an oral argument by *Mr.
Perry*.

For respondent there was a brief by *Messrs. Michael J.
MacMahon* and *Allan R. Joy*, with an oral argument by
*Mr. MacMahon*.

Opinion by MR. JUSTICE BEAN.

This is a summary proceeding against the clerk of
the trial court to compel him to enter of record the sat-

*The case of *Hanna* v. *Island Coal Co.*, 51 Am. St. Rep. 246 (Ind.),
is much like the present case, except that the clandestine settlement
was made before trial. Appended to the case is an extended mono-
graphic note showing when and for what services an attorney's lien
may be acquired, how it may be lost or waived, and how the lien is
affected by a settlement with the opposing party made without the
attorney's knowledge.—REPORTER.

isfaction of a judgment. The facts are that on March 11, 1895, a judgment was rendered in a civil action in favor of Joe Day and against E. S. Larsen for the sum of $138.20, besides costs and disbursements. This judgment was secretly paid in full to Day on the 15th of the same month, and the judgment creditor duly executed and acknowledged a certificate of satisfaction thereof in writing. After payment, but before the certificate was tendered to the clerk for filing, or any demand made upon him to enter satisfaction of the judgment, the attorneys of the plaintiff duly served and filed a notice of lien thereon for their compensation for prosecuting the action, and on account thereof the clerk refused to satisfy the judgment of record, which action was approved by the court.

It was claimed in the court below that the certificate of satisfaction was not executed until after the notice of the attorneys' lien had been served and filed, and was dated back for the purpose of defrauding them out of their compensation. This contention, however, was not supported by the evidence, and therefore the only question in this case is, At what time does the lien of an attorney attach to a judgment recovered by him as against the judgment debtor? And this question must be determined from the provisions of the statute. It is unnecessary to stop to inquire as to an attorney's rights in this regard at common law, for our statute covers the entire subject, gives the lien, and specifically points out when and upon what terms and conditions it shall attach, or, as put by Mr. Justice ELLIOTT in a similar case, "the statute is now the source from which the lien is derived, and it can only exist as the statute creates it": *Alderman* v. *Nelson*, 111 Ind. 255. By section 1044 of Hill's Code, it is provided that an attorney has a lien "upon a judgment or decree to the

extent of the compensation specially agreed on from the giving notice thereof to the party against whom the judgment or decree is given, and filing the original with the clerk where such judgment or decree is entered and docketed." These words carry their meaning plain upon their face, and fix as the time when the lien shall attach as against the judgment debtor the giving of notice to him and filing the same with the clerk. The right to acquire the lien is a privilege of which the attorney may avail himself, by giving and filing the notice as required by the statute, but he has no lien or claim upon the judgment, as against the judgment debtor, prior to that time. As to him the notice creates and originates the lien, and the statute specifically fixes the time from which it shall exist. He is a stranger to the contractual relations between the attorney and his client, and no right can be acquired against him under the statute before the prescribed notice is given. If, before that time, he makes a bona fide settlement of the judgment with the creditor, it is clear that there is nothing in existence to which the lien can attach, and any subsequent notice is therefore inoperative to create any liability against him. This is in harmony with the construction of analogous statutes in other states: *Henry* v. *Traynor*, 42 Minn. 234; *Elliott* v. *Atkins*, 26 Neb. 409; *Pirie* v. *Harkness*, 3 So. Dak. 178 (52 N. W. 581); *Boston Smelting Co.* v. *Pless*, 9 Colo. 112. It follows, from what has been said, that the order appealed from must be reversed, and this cause remanded to the court below with directions to order the judgment in question to be satisfied of record.

REVERSED.