## STEARNS v. WOLLENBERG.

[92 Pac. 1079,]

[14 L. R. A. (N. S.) 1095]

ATTORNEY AND CLIENT—LIEN FOR SERVICES—ENFORCEMENT—POWERS OF COURT.

1. Though there may be no attorney's lien on the cause of action, either by contract or by statute, the court may, in its discretion, protect the same, where it can see that, through the exercise of the usual powers vested in a court over its judgment, it may aid the attorney in collecting his fees.

SAME—NOTICE OF LIEN.

2. Where plaintiff's attorney has some interest by way of lien on the judgment, or by way of an equitable assignment of a part of the cause of action, upon giving proper notice, the court is bound to protect such interest.

SAME—ASSIGNMENT OF CAUSE OF ACTION.

3. Before judgment, in the absence of any agreement, an attorney has no lien on or interest in the cause of action; but, if the cause of action before judgment be assignable, the owner may by agreement create an interest therein, and such agreements may be made with attorneys.

SAME—AGREEMENT FOR CONTINGENT FEES.

4. Without an express stipulation to that effect, an agreement for contingent fees will not operate as an assignment of an interest in the cause of action.

SAME—EQUITABLE ASSIGNMENT.

5. An oral agreement by the owner of the legal title to land to give his attorney one-half the land, if the latter succeeded in removing by suit a cloud on the title, is not an equitable assignment of a part of the cause of suit.

SAME—STATUTORY PROVISIONS—NOTICE.

6. Under Section 1063, B. & C. Comp., providing that an attorney has a lien for his compensation upon a judgment or decree to the extent of the costs

included therein, or if there be a special agreement, to the extent of the compensation definitely agreed on, from the giving of notice to the party against whom the judgment or degree is given, etc., the right to the lien depends on notice.

SAME—WAIVER OF LIEN.

7. The right to claim the benefit of the lien given an attorney by Section 1063, B. & C. Comp., on the judgment for his compensation, may be waived by taking or agreeing to take other security. Section 1063, B. & C. Comp., gives an attorney a lien for his compensation on a judgment or decree to the extent of the costs included therein, from the giving of notice to the party against whom the judgment is rendered. The owner of the legal title to land orally agreed to give half the land to his attorney, if the latter would by suit remove a cloud on the title, but before the termination of the suit, dismissed the same under an agreement of settlement whereby he conveyed the land to the defendant in the action. *Held*, that when the attorney contracted to take the land for his fee, and gave no notice of an intention to claim a lien under the statute, he waived all right thereto, and, having been deprived of the land, could not ask the aid of the court to allow him to proceed with the suit, so that he might perfect the lien to the extent of the costs.

FRAUDULENT CONVEYANCES—SUIT TO SET ASIDE.

8. The owner of the legal title to land orally agreed to give his attorney half of the land if the attorney succeeded in removing by suit a cloud on the title thereto, but, before the termination of the suit, dismissed the action, under an agreement of settlement, whereby he conveyed the land to the defendant in the action, who took with notice of the grantor's intention to defraud the attorney of his fees. *Held*, that the attorney's claim for the value of his services or for damages suffered by the breach of contract, when reduced to judgment, would form a legal basis for a suit to set aside the deed as in fraud of creditors; his client being insolvent when the deed was made.

From Douglas: JAMES W. HAMILTON, Judge.

Statement by MR. COMMISSIONER SLATER.

This is an appeal from an order denying a motion of C. S. Jackson, plaintiff's attorney, to set aside a previous order made in this cause, dismissing the suit without costs to either party, upon a written instrument signed by plaintiff and filed by defendants' attorney, certifying that the cause had been settled, and directing that it be dismissed without costs. In this motion plaintiff's attorney asks that he be allowed to continue the prosecution of the suit to a final decree, for the purpose of establishing his rights against plaintiff and defendant Wilson, to enable him to collect his fee agreed upon, between himself and his client, before the commencement of the suit. His motion is based upon his own affidavit to the effect that the settlement was collusive, secret, without his consent, and in fraud of his contractual rights with

plaintiff, and to prevent him from obtaining his fee; that he entered into the prosecution of the suit, as plaintiff's attorney, upon an oral contract with him to the effect that, if successful, he was to receive from plaintiff a deed to a particular quarter section of land, being a part of that described in the complaint, and he was not to receive any money, but, if he failed, he was to receive nothing for his services. Attached to the affidavit, as a part thereof, and intended by affiant as his petition of intervention herein, is a copy of the complaint in an independent suit begun by Jackson against Stearns and Wilson, one of the defendants in this suit, to enjoin the dismissal of this suit, and to set aside a deed made by Stearns to Wilson, in execution of their agreement to settle, and conveying to the latter, along with other land, that which was to have gone to Jackson as his fee. This complaint was dismissed upon general demurrer, and on appeal this action of the court was affirmed: *Jackson* v. *Stearns*, 48 Or. 25 (84 Pac. 798). By reference to this case, the facts may be more fully ascertained.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Commodore S. Jackson.*

For respondent there was a brief over the names of *Mr. J. C. Fullerton* and *Mr. F. W. Benson,* with an oral argument by *Mr. Albert N. Orcutt.*

Opinion by MR. COMMISSIONER SLATER.

1. It was held by this court, in the case of *Jackson* v. *Stearns*, 48 Or. 25 (84 Pac. 798) that the facts alleged were sufficient to make a *prima facie* case of defendant's intention to deprive plaintiff therein of his compensation, thereby imputing to Wilson bad faith, but that because the contract was oral, and Jackson had not entered into possession of the land, he was not specifically able to enforce the terms of his agreement as against his client, and hence he could not have Wilson declared a trustee

holding the legal title for him, and could not maintain an independent suit to secure the relief sought on account of the alleged fraud. But it was there said that, by proceeding in the original suit against Wilson in the name of his client, Jackson might possibly have been able to recover compensation for his services if he could have obtained therein the decree specified in the contract, but, because of insufficiency of his contract with Stearns, he could not secure a cancellation of the deed executed by his client to Wilson. The same considerations, however, precluded the granting of any relief to plaintiff's attorney in this suit, although a *prima facie* case of fraud has been shown, and although the suit was prosecuted to a successful termination by him in the name of his client, because, by the conveyance of the land by Stearns to Wilson, Jackson has not been divested of any right, legal or equitable, which could have been preserved to him and protected through the power of the court over its decree.

"There are many cases," says Mr. Justice EARL, in *Coughlin* v. *New York Cent. & H. R. R. Co.* 71 N. Y. 443 (27 Am. Rep. 75), "where this has been allowed to be done. It is impossible to ascertain precisely when this practice commenced, nor how it originated, nor upon what principle it was based. It was not upon the principle of a lien, because an attorney has no lien upon the cause of action, before judgment, for his costs; nor was it upon the principle that his services had produced the money paid his client upon the settlement. So far as I can perceive, it was based on no principle. It was a mere arbitrary exercise of power by the courts; not arbitrary in the sense that it was unjust or improper, but in the sense that it was not based upon any right or principle recognized in other cases. The parties being in court, and a suit commenced and pending, for the purpose of protecting attorneys, who were their officers and subject to their control, the courts invented this practice and assumed this extraordinary power to defeat attempts to cheat the attorneys out of their costs. The attorney fees were fixed, and definite sums easily determined by taxation, and this power was exercised to secure them their fees."

Nearly all of the cases referred to and cited are cases where a money judgment was sought to be recovered, and the attorney's claim, by virtue of some statute, would be taxable as a part of the judgment, or would become a lien thereon. It would appear therefore that, where there is no lien upon the cause of action, either by contract or by statute, the plaintiff's attorney has no vested right which the court is bound to protect at the request of the attorney; but even then the court may, in its discretion, exercise such arbitrary power, and doubtless will do so, when it can see that, through the exercise of the usual and ordinary powers vested in a court over its judgment as to the form and effect thereof, or as to its satisfaction, it may aid the attorney in the collection of his fees.

2. But when it is manifest to the court, from the facts of the case, that the form and effect of the anticipated judgment will be such that, by the exercise of its usual and ordinary powers over the judgment, the court cannot aid the attorney in the collection of his fee, it will not compel the further prosecution of the case against the wish of the parties, for to do so would be of no avail to any one, and such an act of the court would be an abuse of its discretion. Where, however, plaintiff's attorney has some interest by way of lien upon the judgment or by way of an equitable assignment of a part of the cause of action, upon giving proper notice, the court is bound to protect such interest.

3. Before judgment in the absence of any agreement, the attorney has no lien upon or interest in the cause of action; but if the cause of action before judgment be in its nature assignable, the owner may assign and by agreement create legal and equitable interest therein, and such agreements may be made with attorneys, as well as with other persons, and when such interest has been created, and notice given of them, they must be respected: *Coughlin* v. *New York Cent. & H. R. R. Co.*

71 N. Y. 443 (27 Am. Rep. 75) ; *Wylie* v. *Cox,* 55 U. S. (14 How.) 415 (14 L. Ed. 753) ; *Newell* v. *West,* 149 Mass. 520 (21 N. E. 954) ; *Harshman* v. *Armstrong,* 119 Ind. 224 (21 N. E. 662).

4. The agreement by Stearns to convey to Jackson, in the event the latter is successful in prosecuting the suit, is purely executory, and creates no legal or equitable right in the subject-matter of the contract. Without an express stipulation to that effect, an agreement for contingent fees will not act as an assignment. Where the claim is assignable, the wording of the agreement must in every case be examined to determine that the parties intended an equitable assignment in favor of the attorney: 4 Cyc. 990; *Nesbitt* v. *Cautrell,* 29 Ga. 255; *Kusterer* v. *City of Beaver Dam,* 56 Wis. 471 (14 N. W. 617: 43 Am. Rep. 725).

5. It is alleged in the complaint in this suit, in substance, that plaintiff is the owner in fee and in possession of certain described lands of which he avers he has the legal title, but that defendants hold an unsatisfied mortgage thereon, which has been paid, and the cancellation thereof is the remedy sought. A decree therefore would not restore to plaintiff a title or a possession which he had lost, but would remove a cloud from the legal title, which he alleges he has. The effect therefore of Jackson's contract with his client is not an agreement to transfer or convey to him a part of the cause of suit or of the decree, or of anything to be recovered thereby, and hence, if the decree specified in the contract were obtained in this suit, the court could not make effective any attempt to aid the attorney in the collection of his fee by exercising any power vested in it over the decree, even though the deed from Stearns to Wilson be treated by it as void for fraud. For the same reason the contract could not be construed to be an equitable assignment of a part of the cause of suit, even if it were an executed contract. Unless plaintiff's attorney has some

vested right by contract, as was the case in *Falconio* v. *Larsen,* 31 Or. 137 (48 Pac. 703: 37 L. R. A. 254), or by statute in the subject-matter of the action or cause of action which would ripen into a lien upon the rendition of a decree, the fraud complained of is not an infringement of any vested legal or equitable right in a thing to be recovered in this suit, and over which the court has control. But even where land or other property is the subject of the judgment, and is to be recovered for the client, it is a matter of dispute whether the charging lien of the attorney applies to the land, but it is distinctly established that it does not apply to property defended for the client: 4 Cyc. 1014.

6. It is argued, and authorities are cited to support the contention, that it has been the practice of the courts to intervene to protect attorneys against settlements made to cheat them out of their costs, and that the proper course for the attorney to pursue is to proceed with the original suit in the name of his client, notwithstanding the collusive settlement for the purpose of collecting his costs. But these are cases where the action was to recover money, and the attorney fees were fixed in definite sums easily determinable by taxation, and this power was exercised to secure them their fees: *Coughlin* v. *New York Cent. & H. R. R. Co.* 71 N. Y. 443 (27 Am. Rep. 75).

7. By Section 1063, B. & C. Comp., an attorney has a lien for his compensation, whether specially agreed upon or implied, upon a judgment or decree to the extent of the costs included therein, or, if there be a special agreement, to the extent of the compensation definitely agreed on, from the giving of notice thereof to the party against whom the judgment or decree is given and filing the original with the clerk where such judgment or decree is entered and docketed. This statute supplants and takes the place of the common-law lien given attorneys, and is not the source from which the lien is derived.

It gives the lien, and specifically points out when and upon what terms and conditions it shall attach: *Day* v. *Larsen*, 30 Or. 247 (47 Pac. 101). The right to the lien depends upon notice, and no notice was given in this case. Moreover, the right to pursue and claim the benefit of the lien may be waived by taking, or agreeing to take, other security, and it must be held that, when Jackson contracted to take the land for his fee, and by the terms of his contract was not to receive any money, and gave no notice of an intention to claim a lien under the statute, he waived all right thereto, and, having been deprived of the land which he was to get for his fee by his contract, he cannot now ask the aid of the court to allow him to proceed so that he may perfect such a lien to the extent of the costs: *Renick* v. *Ludington*, 16 W. Va. 378. He must be remitted to his action at law against Stearns to recover the amount of his compensation.

8. The situation of the parties appears to be that, at the time of the settlement, Jackson was a creditor of Stearns to the extent of the reasonable value of his services, or to the amount of damage suffered by him on account of the breach of the contract by Stearns. This claim, when reduced to judgment, would form a legal basis for an equity suit to set aside the deed as in fraud of creditors; Stearns being insolvent when the conveyance was made, and Wilson taking with notice of the intention to defraud.

From these considerations, it follows that the decree of the court should be affirmed.          AFFIRMED.