Decided February 11, 1908.

## WAGNER v. GOLDSCHMIDT.

[93 Pac. 689.]

Attorney and Client—Lien—Settlement Between the Parties.

1. Unless an attorney has an interest in, or a lien on, a judgment, the client may in good faith settle the same without consulting the attorney, who has no right to interfere with or prevent a settlement.

Same—Right to Lien—Notice.

2. Under Section 1063, B. & C. Comp., giving an attorney a lien on a judgment to the extent of the compensation agreed on, "from the giving notice thereof to the party against whom the judgment * * is given, and filing the original with the clerk," an attorney has no lien on a judgment as against the judgment debtor, unless the notice is given and filed, and, where the debtor in good faith pays or satisfies the judgment before notice, the attorney cannot enforce the judgment as against him.

· Judgment—Satisfaction Pending Appeal.

3. The pendency of an appeal from a judgment neither prevents the judgment debtor from in good faith paying the judgment, nor the judgment creditor from satisfying the judgment of record; the satisfaction being the act of the party, and not an exercise of jurisdiction by the court or its officers over the judgment.

From Multnomah: Arthur L. Frazer, Judge.

This is an action by Henry M. Wagner against S. L. Goldschmidt to recover $500 as commission on sale of real estate. From a judgment in favor of plaintiff for the full amount, defendant appeals. Pending such appeal and without the knowledge of their attorneys, the parties settled their differences, and plaintiff acknowledged satisfaction in full of the judgment recovered on the judgment lien docket.

A few days later, on motion of plaintiff's attorneys, the court below ordered and directed the clerk to cancel the satisfaction, from which order defendant appeals.

Reversed.

This case was submitted on briefs, under the proviso of Rule 16: 50 Or. 580.

For appellant there was a brief over the name of *Mr. George W. Joseph.*

For respondent there was a brief over the names of *Mr. N. H. Bloomfield* and *Mr. D. M. Donaugh.*

Opinion by MR. CHIEF JUSTICE BEAN.

On April 5, 1906, plaintiff commenced an action in the circuit court of Multnomah County against defendant to recover $500 alleged to be due for commission on sale of real estate. Issue was joined, and a trial had, resulting in a judgment in favor of plaintiff for the amount demanded. Defendant appealed to this court, pending the determination of which the parties, without knowledge of their respective attorneys, settled and compromised their differences, and on the 16th of January, 1907, plaintiff acknowledged full satisfaction of the judgment on the judgment lien docket, but the appeal has never been dismissed, and is now pending and undetermined. A few days after the acknowledgment of satisfaction, the court below, on motion of plaintiff's attorneys, directed the clerk to cancel the same, from which order defendant appeals.

The original case of *Wagner* v. *Goldschmidt* having been settled by the parties, there remains no substantial controversy between them, and therefore this court will not proceed further with a consideration of the merits of the case, so far as their rights are concerned. The attorneys for Wagner, however, claim that they should be permitted to prosecute the appeal in the name of their client for the purpose of collecting their fees, and that the settlement made by the parties was in legal effect a fraud upon their rights.

1. There is no evidence in the record that the settlement was collusive or made for the purpose of cheating or defrauding plaintiff's attorneys out of their fees, and no proof that they had a lien upon or interest in the judgment recovered by them in favor of their client at the time of such settlement. The law is that, unless an attorney has an interest in or lien upon a judgment, his client may, in good faith, settle and compromise the same in any manner he chooses, without consulting the attorney, and he has no right to interfere with or prevent such settlement.

2. The statute provides that an attorney has a lien upon a judgment or decree "to the extent of the compensation specially agreed on from the giving notice thereof to the party against whom the judgment or decree is given, and filing the original with the clerk where such judgment or decree is entered and docketed": Section 1063, B. & C. Comp.  Unless this notice is given and filed, the attorney has no claim or lien upon the judgment as against the judgment debtor, and if he, in good faith, pays or satisfies it before such notice, the attorney cannot enforce the judgment as against him: *Day* v. *Larsen,* 30 Or. 247 (47 Pac. 101) ; *Stearns* v. *Wollenberg,* 51 Or. 88 (92 Pac. 1079).

3. Counsel argue that upon the perfection of the appeal in the case of *Wagner* v. *Goldschmidt,* the trial court lost jurisdiction of the cause, and thereafter had no power to make any order in the matter, except in furtherance of the appeal.  But conceding, without deciding, that this position is sound, it did not prevent the defendant from, in good faith, paying the judgment and the plaintiff satisfying it of record, and the attorneys could not prevent or interfere therewith unless they had a lien thereon. The satisfaction was the act of the party, and was not an exercise of jurisdiction by the court or its officers over the judgment.

It follows that the order of the court directing the clerk to cancel the satisfaction must be reversed; and it is so ordered.                                    REVERSED.