Argued June 22, reversed July 11, 1916.

# TOWNSEND *v.* CHAMBERLAIN.

(158 Pac. 664.)

**Attorney and Client—Attorney's Lien—Notice—Statute.**

1.   The right to an attorney's lien depends upon notice of a lien upon the judgment being served upon the judgment debtor and filed, under Section 1088, L. O. L.

**Attorney and Client—Assertion of Lien—Order of Court.**

2.   Where defendant judgment creditor's attorney made a motion, supported by affidavits, asserting his claim of attorney's lien and that the settlement of the judgment by his client, the judgment creditor, was in fraud of his rights, the proceeding on the motion not being part of the suit to set aside the judgment as fraudulent, plaintiffs, the judgment debtors, not being served with notice and not appearing, while the parties in interest were different from those in the action in which the judgment was rendered, the order of the court canceling the satisfaction, the affidavits, stating no fact indicating that it was obtained fraudulently, or that the settlement was invalid as to the judgment debtors, and authorizing the collection of the remainder of the judgment by the attorney, was a nullity.

**Attorney and Client—Attorney's Lien—Payment or Satisfaction of Judgment—Statute.**

3.   Under Section 1088, L. O. L., touching attorney's liens, where the judgment debtor in good faith pays or satisfies the judgment before notice of the lien of the judgment creditor's attorney, the latter cannot enforce the judgment as against him.

[As to lien of attorneys, see note in 51 **Am. St. Rep.** 251.]

**Execution—Sale on Execution—Injunction.**

4.   A sale upon execution will be enjoined in equity when it would constitute a cloud on the title of realty.

From Marion: WILLIAM GALLOWAY, Judge.

Department 2.    Statement by MR. JUSTICE BEAN.

This is a suit by Henry A. Townsend, Eunice Townsend and H. H. Vandevort against R. H. Chamberlain, Wm. Esch and Frank Holmes to restrain the enforcement of an execution issued on a judgment.    From a decree in favor of defendants, plaintiffs appeal.

REVERSED.

For appellants there was a brief and an oral argument by *Mr. Walter C. Winslow.*

For respondents there was a brief and an oral argument by *Mr. Frank Holmes.*

MR. JUSTICE BEAN delivered the opinion of the court.

1. The following is shown by the record: On February 4, 1914, a judgment was duly rendered and entered in the Circuit Court of the State of Oregon for Marion County in favor of defendant R. H. Chamberlain and against plaintiffs Henry A. Townsend and Eunice Townsend, for the sum of $289, with costs and disbursements at $54.60. On appeal to this court the Townsends endeavored to have the judgment reversed, but the same was affirmed and entered against them and H. H. Vandevort, their surety on their undertaking on appeal: See *Chamberlain* v. *Townsend,* 72 Or. 207 (142 Pac. 782, 143 Pac. 924). They were also unsuccessful in a suit in the Circuit Court to set aside the judgment as having been fraudulently obtained upon perjured testimony. On October 3, 1914, the former controversy existing between plaintiffs herein and defendant R. H. Chamberlain was settled upon the payment of $112.50 by the Townsends to the latter without the knowledge or consent of his attorney. Chamberlain executed and delivered to the plaintiffs a full satisfaction for the whole of the judgment, which was filed with the clerk of the Circuit Court on October 5, 1914. Defendant Frank Holmes, who was attorney for Chamberlain in the original action and also in the first suit in equity, advanced about $50 for costs and disbursements. He now claims an interest and lien upon the judgment for his fee. After the

settlement of the judgment Chamberlain absconded without compensating his attorney or other persons to whom he was indebted, and whom he had promised to pay with the proceeds thereof. No notice of a lien upon the judgment was served or filed in order to perfect an attorney's lien under Section 1088, L. O. L. The right to such a lien depends upon the notice: *Stearns* v. *Wollenberg,* 51 Or. 88 (92 Pac. 1079, 14 L. R. A. (N. S.) 1095). The attorney for Chamberlain filed a motion in the first suit of Henry A. Townsend and Eunice Townsend against R. H. Chamberlain and William Esch, sheriff, which was instituted for the purpose of setting aside the original judgment as fraudulent. This was after a final decree had been entered in the suit. The motion was supported by affidavits asserting the claim of the attorney's lien, and that the settlement and satisfaction of the judgment were in fraud of his rights. Upon the motion the Circuit Court granted an order canceling the satisfaction of the judgment and authorizing the collection of the balance after deducting the amount paid upon settlement.

2. It appears from the affidavits that Chamberlain wronged the attorney who had served him, but no fact is stated therein indicating that the satisfaction was obtained fraudulently, or that the settlement was invalid as to the Townsends. The proceeding upon the motion was not a part of that suit, and did not come within the issues of the same, nor authorize the court to set aside the satisfaction of the judgment. No regular suit or proceeding was instituted for that purpose. The Townsends were not served with the summons or notice, and did not appear. Chamberlain had departed for parts unknown. The parties in interest were different from those in the suit or action at law,

in that the surety on the undertaking on appeal, against whom the judgment was rendered, was interested. A copy of the motion was served upon the attorney who had acted formerly for the Townsends, but he made no appearance, as he understood the matter pertained to some correction of the decree already passed. The motion involved an entirely new matter, which occurred after the decree in that suit had been rendered, was foreign thereto, and could in no way be adjudicated in that manner. It was asserted upon information and belief that the satisfaction was obtained by means of threats. What they were is in no way disclosed. No facts were stated which would authorize any court to annul an agreement or settlement. The order of the court, canceling the satisfaction and authorizing the collection of the remainder of the judgment, was a nullity. The evidence in the present case, however, shows that the settlement was a compromise, and fairly made on the part of the Townsends.

3, 4. Under Section 1088, L. O. L., an attorney has no lien on a judgment as against the judgment debtor, unless a notice thereof is given and filed; and where the debtor in good faith pays or satisfies the judgment before notice, the attorney cannot enforce the judgment as against him: *Day* v. *Larsen,* 30 Or. 247 (47 Pac. 101); *Wagner* v. *Goldschmidt,* 51 Or. 63 (93 Pac. 689). Under the conditions mentioned above the attorney for Chamberlain instructed the defendant sheriff to enforce the collection of the balance of the judgment after deducting the amount paid on settlement, and the present suit was instituted to enjoin such proceeding, for the reason that the same would be a cloud upon the real estate of plaintiffs.

"One of the plainest cases which can be put of the propriety of granting an injunction to a judgment at law is where it has been in fact satisfied, and yet the judgment creditor attempts to set it up and enforce it either against the judgment debtor or against some person claiming under him, who is thereby injured in his property or rights": 2 Story, Equity, § 876.

See, also, *Brinckerhoff* v. *Lansing,* 4 Johns. Ch. (N. Y.) 69 (8 Am. Dec. 538); *Shaw* v. *Dwight,* 16 Barb. (N. Y.) 536; *Meyer* v. *Tully,* 46 Cal. 70; *Bowen* v. *Clark,* 46 Ind. 405. A sale upon execution will be enjoined in equity when it would constitute a cloud upon the title to realty: *Cox* v. *Smith,* 10 Or. 418; *Wilhelm* v. *Woodcock,* 11 Or. 518 (5 Pac. 202).

The decree of the lower court will be reversed, and one entered inhibiting the sale upon the execution as prayed for in plaintiffs' complaint; neither party to recover costs in either court.

REVERSED.    DECREE RENDERED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE HARRIS and MR. JUSTICE BENSON concur.

MR. JUSTICE EAKIN absent.