Argued and submitted January 3, 2019; reversed and remanded July 15; on appellant's petition for reconsideration filed July 23, reconsideration allowed by opinion October 7, 2020
See 307 Or App 200, 474 P3d 464 (2020)

Kajuanda JONES,
*Plaintiff,*
*and*

Troy Austin PICKARD,
*Respondent,*

*v.*

Keya BHATTACHARYYA,
*Defendant-Appellant.*

Multnomah County Circuit Court
15CV32162; A165249

471 P3d 135

An attorney, after representing the prevailing party in a civil action against appellant, began garnishment proceedings against appellant for an amount stated in a supplemental judgment awarding attorney fees. Appellant challenged the garnishment because she had already paid the full amount of that judgment to the attorney's client, who was the listed judgment creditor, before the attorney filed notice of his claim of an attorney lien. The trial court denied appellant's challenge to the garnishment because appellant had not paid the judgment sum to the attorney directly or into court to satisfy the attorney's lien. Appellant renews her arguments on appeal. *Held*: An attorney must file notice in order to claim the right to enforce an attorney fee lien against a money judgment. If the attorney does not file notice before the judgment debtor pays the full amount to the creditor listed on the judgment, the attorney may not then enforce the lien against the judgment debtor. Accordingly, the trial court erred in denying appellant's motion to challenge garnishment.

Reversed and remanded.

Jerry B. Hodson, Judge.

Steven F. Cade argued the cause for appellant. Also on the briefs were Charles R. Markley and Williams Kastner Greene & Markley.

Brooks F. Cooper argued the cause for respondent. Also on the brief were Mark Maricle and Draneas & Huglin PC.

Before DeHoog, Presiding Judge, and Aoyagi, Judge, and Kamins, Judge.*

KAMINS, J.

Reversed and remanded.

_____

\* Kamins, J., *vice* Hadlock, J. pro tempore.

**KAMINS, J.**

This case presents the question of whether the attorney of a prevailing party in litigation can enforce a lien for attorney fees against the losing party of that litigation without first filing a notice of claim of the lien. In this case, the losing party (appellant) attempted to satisfy the judgment awarding attorney fees by paying the award amount to the prevailing party (plaintiff). After that payment, plaintiff's attorney (respondent) filed notice of his attorney fee lien and sought to enforce that lien directly against appellant through garnishment. Appellant challenged the garnishment, arguing that she had satisfied the judgment by paying the full amount of the award to plaintiff before respondent filed his notice of the lien. Because appellant did not first satisfy the attorney's lien by paying the fee amount to respondent directly or into court, the trial court denied appellant's challenge to the garnishment. We conclude that an attorney must file notice in order to claim the right to enforce an attorney fee lien against a judgment debtor. If the attorney does not file notice before the judgment debtor pays the full amount to the creditor listed on the judgment, the attorney may not then enforce the lien against the judgment debtor. Because the trial court erred in denying appellant's motion to challenge the garnishment, we reverse and remand for further proceedings.

The relevant facts are undisputed. Respondent represented plaintiff in a forcible entry and detainment action against appellant. Plaintiff prevailed in a jury trial and was awarded a general judgment of $7,493.16. The trial court also entered a supplemental judgment of $47,694.49 for attorney fees, costs, and disbursements. Respondent did not file a notice of his claim of an attorney lien either when he filed his proposed supplemental judgment or at the time that the court entered that judgment.

Appellant entered into an installment payment plan with respondent for the general judgment and subsequently paid the full amount. Appellant requested a similar installment plan for the supplemental judgment awarding fees and costs, but respondent refused. Instead, respondent demanded that appellant provide financial information

within four days of the entry of the supplemental judgment. Appellant was unable to contact her then-attorney within that time frame.

On May 5, 2017, the deadline that respondent set for appellant to provide her financial information, appellant "rushed to the bank, got three loans," and sent a certified check for the full amount of the supplemental judgment to plaintiff, the prevailing party and only creditor listed in the supplemental judgment. Plaintiff promptly cashed the check, but she did not give respondent the money. On May 16, 2017, respondent filed his first notice of claim of an attorney lien on the supplemental judgment and initiated garnishment proceedings.[1]

Appellant challenged the garnishment. She argued that the attorney lien was extinguished when she paid the supplemental judgment in full because respondent had not filed a notice of claim by that time. The trial court denied the motion, reasoning that because an attorney lien attaches as soon as an action commences, respondent did not need to give notice before enforcing the lien. The court concluded that a judgment debtor may satisfy an existing attorney lien only by paying the attorney or paying the money into court. Because appellant instead paid the judgment creditor directly, the trial court approved the garnishment.

We review a trial court's ruling denying a motion challenging garnishment for legal error. *See Hughes v. Ephrem*, 277 Or App 193, 195, 371 P3d 501 (2016). Our resolution of this case depends on the correct interpretation of the notice requirement in the attorney lien statutes. Resolution of that question requires us to evaluate the function and effect of the statutory requirement that an attorney file notice when he claims a lien on a money judgment.

As we turn to the applicable statutes, we must distinguish between two separate points at which an attorney may attempt to enforce a lien for fees in an underlying action: before and after a judgment is entered.

---

[1] Respondent filed two subsequent notices of claim of lien on May 19, 2017, and June 19, 2017. Only the June 19 notice satisfied the requirement set out in ORS 87.470 that the notice be "verified by the oath of the attorney."

Attorney liens are created by ORS 87.445, which provides that

> "[a]n attorney has a lien upon *actions, suits and proceedings* after the commencement thereof, *and judgments, orders and awards* entered therein in the client's favor and the proceeds thereof to the extent of the fees and compensation specially agreed upon with the client, or if there is no agreement, for the reasonable value of the services of the attorney."

(Emphases added.) The statute recognizes two types of attorney liens: those on "actions, suits and proceedings" and those on "judgments, orders and awards."

Under ORS 87.450(1), attorney liens on "judgments" require an attorney to file notice of the lien.[2] There is no corresponding requirement for liens on "actions." The Supreme Court recognized that distinction in *Potter v. Schlesser Co., Inc.*, 335 Or 209, 213 n 2, 63 P3d 1172 (2003):

> "*Unlike other types of liens available to attorneys*, there is no requirement that a lien upon an action under ORS 87.445 be accompanied by a formal lien notice. *Compare* ORS 87.450 to 87.460 (liens against money judgments, judgments for possession of personal property, and judgments for possession of real property *must be accompanied by lien claim notice filed with court*)."

(Emphases added.) The question here is whether an attorney must file that notice in order to claim the right to enforce a judgment lien and prevent the judgment from being satisfied without first satisfying the lien.

Statutory interpretation is a question of law. *Karjalainen v. Curtis Johnson & Pennywise, Inc.*, 208 Or App 674, 681, 146 P3d 336 (2006), *rev den*, 342 Or 473 (2007). Our goal when interpreting a statute is to determine the legislature's intent in enacting that statute, which we do by examining the statutory text, context, and any legislative history that is "useful to the court's analysis." *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). When construing a

---

[2] ORS 87.450(1) provides, "When an attorney claims a lien under ORS 87.445, if the judgment is for a sum of money only, the attorney must file a notice of claim of lien * * * within three years after the judgment is entered.").

statute, we give the words of the text their plain and ordinary meaning. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993); *see also* ORS 174.010 ("In the construction of a statute, the office of the judge is simply to ascertain and declare what is \* \* \* contained therein, not to insert what has been omitted, or to omit what has been inserted.").

First, we turn to the text's plain meaning. *See State v. Ziska*, 355 Or 799, 804-05, 334 P3d 964 (2014) ("In the absence of any evidence to the contrary, we assume that the legislature intended to give those words their plain, natural, and ordinary meaning. To determine that ordinary meaning, we begin with definitions from dictionaries that were in use at the time a statute was enacted." (Internal quotation marks omitted.)). ORS 87.445 provides that an attorney "has" a lien upon both actions and judgments. "Has" is the present tense third person singular form of "have," which means "to hold in possession as property." *Webster's Third New Int'l Dictionary* 1039 (unabridged ed 2002).

ORS 87.450(1) provides, however, that, "[w]hen an attorney *claims* a lien under ORS 87.445, if the judgment is for a sum of money only, the attorney must file a notice of claim of lien with the clerk of the court that entered the judgment within three years after the judgment is entered." (Emphasis added.) "Claim," in ordinary usage, means "to demand recognition of \* \* \* especially as a right," "to call for," or "to demand delivery or possession of by or as if by right." *Webster's* at 414 (unabridged ed 2002). Thus, the plain language of the attorney lien statutes provides that an attorney *possesses* a lien upon actions as well as judgments, but also that the attorney can only *demand recognition* of a lien on a money judgment by filing notice.

Similarly, the context of the attorney lien statutes evinces the legislature's intent to require notice before enforcing liens on judgments but not actions. The legislature provided for both types of attorney liens in a single statute, ORS 87.445. It then created a separate statute setting out the requirement of notice for liens on money judgments, delineating the contents of that notice, and providing the consequences of not filing the notice within the allotted

time. If the attorney does not file the notice of claim of lien within the three-year period set out in ORS 87.450(1), "the lien created by ORS 87.445 shall cease to exist." ORS 87.465. There is no analogous statute for attorney liens on actions.

The context of the related statutes addressing judgments further supports our conclusion that the legislature intended to require an attorney to file notice to preserve a judgment lien. Under the attorney lien provisions, the attorney's lien "only remains a lien on the judgment until the judgment remedies for the judgment expire under ORS 18.180 to 18.190." ORS 87.450(3). Those provisions, as relevant here, provide that judgment remedies expire "upon the full satisfaction of the money award portion of the judgment," ORS 18.180(1), or "10 years after the entry of the judgment," ORS 18.180(3). Accordingly, an attorney lien "only remains a lien" until the "satisfaction of the money award portion of the judgment"—meaning that respondent's lien expired once the money award was satisfied.

Respondent directs our attention to ORS 87.475, arguing that that provision "clearly sets forth that satisfaction of the judgment is only available by satisfaction of the *lien*, not the judgment." Under 87.475(2), "a party to the action * * * does not have the right to satisfy the lien created by ORS 87.445 or any judgment * * * entered in that action * * * until the lien, and claim of attorney fees based thereon, is satisfied in full." To be sure, one reading of that provision is that no satisfaction of judgment can be entered until any attorney lien is "satisfied in full." However, that interpretation cannot be squared with the statutory lien notice provisions and the sections of the chapter governing methods of satisfying judgments that those sections reference. The ability to prevent the parties to the underlying action from satisfying the judgment does not arise when an attorney simply *has* a lien under ORS 87.445; the statute explicitly references both the "lien, and *claim* of the attorney for fees based thereon." If the legislature intended to protect attorney liens that were unclaimed by the required notice, there would be no reason to include the term "claim." Rather, when read in context, the reference to a "claim"—mirroring the use of "claim" in the notice provisions—means that the

attorney will have "claimed" the lien by filing any required notice before the provisions of ORS 87.475 apply. Thus, the protection afforded to an attorney by ORS 87.475, which prevents a judgment debtor from satisfying the judgment by paying the sum to the judgment creditor, only arises once the attorney has filed notice of claim of the lien.

The history of the statutes governing attorney liens also demonstrates that the legislature intended to require an attorney to file a notice to preserve a lien against a money judgment. From the time statutory attorney liens were established under Oregon law in 1862 until 1939, an attorney had to file notice of a judgment lien to protect it from being extinguished by the judgment debtor's satisfaction of the judgment. *Townsend v. Chamberlain*, 81 Or 163, 166, 158 P 664 (1916) ("[A]n attorney [had] no lien on a judgment as against the judgment debtor, unless a notice thereof [was] given and filed; and where the debtor in good faith pays or satisfies the judgment before notice the attorney [could not] enforce the judgment as against him."); *see also Day v. Larsen*, 30 Or 247, 249, 47 P 101 (1896) ("The right to acquire the lien is a privilege of which the attorney may avail himself, by giving and filing the notice as required by the statute; but he has no lien or claim upon the judgment, as against the judgment debtor, prior to that time."). In 1939, the legislature amended the attorney lien statute and removed the notice requirement for attorney liens on money judgments. *See In re Grimes*, 170 Or 204, 208-09, 131 P2d 448 (1942) (noting that attorney liens on money judgments were no longer "conditioned upon giving notice to the adverse party or upon filing notice of the lien").

Then, in 1975, the legislature revised the statutes once again to reintroduce the notice requirement for liens on judgments. Those revisions were intended to change the statute such that, "[g]enerally, the revised attorney's lien requires an attorney to formally file a notice that he's claiming a lien ***." Testimony, Senate Committee on Judiciary, HB 2335, May 8, 1975, Ex A (statement of Lien Law Revision Advisory Committee Chairman Donald Husband and Deputy Legislative Counsel Joseph Barkofski). Thus, the legislature, after removing the notice requirement entirely,

intentionally reinserted it with the goal of requiring attorneys to give notice in order to preserve liens on money judgments, as had been the law for nearly 80 years.[3]

Here, respondent acknowledges that an attorney lien on a money judgment must be accompanied by notice, but he argues that he does not need to file notice to enforce the lien against either party to the underlying action. Rather, according to respondent, the notice serves only to perfect the lien and establish the attorney's priority with respect to other lienholders. However, ORS 87.490 provides for the priority of attorney liens with respect to both third-party creditors and liens held by the attorney's client, rendering an additional establishment of priority unnecessary.[4] That provision, unlike ORS 87.475, does not reference the attorney's "claim" to the lien; the lien earns its priority not when an attorney claims it but as soon as it is created.

Respondent asserts that the text of ORS 87.445, which provides that "[a]n attorney *has* a lien upon * * * judgments * * * entered," means that an attorney lien attaches as a matter of law as soon as the judgment is entered. Respondent supports his contention by pointing to the broader statutory scheme of ORS chapter 87, arguing that the wording that a lienholder "has" a lien is used throughout that chapter.

An attorney's possession of a lien and an attorney's right to claim, or enforce that lien, are not the same, however. We agree with respondent that he had a lien on the underlying action under ORS 87.445 and that, before a judgment was entered—when it was still an "action"—he would

---

[3] The attorney lien statutes have not been substantively amended since 1975. ORS 87.450 was amended in 2003 to remove references to decrees and refer instead to judgments only. Or Laws 2003, ch 576, § 188.

[4] ORS 87.490 provides in full that

"(1) Except for tax liens, prior encumbrances and prior liens of record on the real or personal property subject to the lien created by ORS 87.445, the lien created by ORS 87.445 is superior to all other liens, including a lien created by ORS 147.285.

"(2) When the lien of an attorney created under ORS 87.445 attaches to a judgment allowing or enforcing a client's lien, the attorney's lien has the same priority as the client's lien with regard to personal or real property subject to the client's lien."

not have been required to give notice in order to claim that lien. But when an action ceases and a judgment is entered, that judgment is "the exclusive statement of the * * * rights and obligations of the parties that are subject to the judgment." ORS 18.082(1). When, as here, a judgment for fees lists only the attorney's client as the judgment creditor, the attorney must file notice to enforce a claim of lien against the judgment debtor, who otherwise exclusively owes the sum of the judgment to the judgment creditor. At that point, the attorney is no longer enforcing a lien on the underlying action, but on the judgment, and the attorney must file notice to claim that right.

Generally, "[a]ttorneys have the same right and power over actions, suits, proceedings, judgments, orders and awards to enforce their liens as their clients have for the amount due thereon to them." ORS 87.480. Unless the attorney alters the terms of the judgment by filing notice to claim the lien, the client has an equal right to receive the sum of the judgment and satisfy it. Thus, in order to demand recognition of the right to a lien, including the right to prevent the lien from expiring through the satisfaction of the judgment, the attorney must file notice of claim.

The effect of filing notice of the attorney lien demonstrates that the notice is the mechanism by which the lien becomes enforceable against the judgment debtor after the judgment is entered: When an attorney files proper notice of claim with the court, the notice is entered "in the register of the court and in the judgment lien record," ORS 87.450, and it "*attaches to all real property of the judgment debtor* in the county" in which the lien was entered, ORS 18.150(2) (emphasis added). Thus, once a judgment is entered, the attorney must claim the right to the lien to give notice to the judgment debtor that paying the listed judgment creditor may not satisfy her obligations. Respondent's interpretation would render the statutory notice provisions superfluous because an attorney could ignore them altogether and simply collect on the judgment.

The Supreme Court's explanation of the effect of that difference in notice requirements for actions and

judgments supports our interpretation. In *Potter*, an attorney's client settled his dispute directly with the defendant without informing (or paying) his attorney. 335 Or at 211. When the attorney learned of the settlement, he immediately filed a notice of claim against the defendant in the action to enforce his lien. *Id.* The defendant argued that, because he had already paid the attorney's client, the attorney had no claim against him. *Id.* at 212. The court disagreed, concluding that the attorney's lien was a "charge on the action to which [the] defendant [was] a party," and both parties to the action were obligated to satisfy it. *Id.* at 215. The defendant had notice of that lien because "ORS 87.445 *** serves as notice to the world that an attorney's lien for fees arises when an action is commenced." *Id.* at 213. However, the court was careful to note, an attorney's lien on an *action* is unique in this regard: it is "[*u*]*nlike* other types of liens available to attorneys," such as "liens against money judgments, *** [which] ** * must be accompanied by lien claim notice." *Id.* at 213 n 2 (emphasis added).

Throughout the course of the action, until the point at which a judgment is entered, attorneys are doing work for which they are entitled to compensation. However, until a judgment is entered, the parties to the action may choose to dismiss or settle their dispute, leaving nothing upon which the attorney may enforce his lien. If an action is concluded in a manner that does not result in a judgment, there is no judicial document setting forth the rights and obligations of the parties, including the obligation to pay attorney fees. In that context, the attorney lien statutes allow an attorney to enforce the lien against either party to the action without first providing notice. *See Potter*, 335 Or at 215 (When parties settle privately, the attorney's lien "remains a charge on the action to which defendant [was] a party" and both parties to the action are obligated "to satisfy the attorney's lien to the extent of the action's value.").

The difference in notice requirements for attorney liens on actions and judgments tracks the shifting risks and responsibilities of the attorneys and parties to the underlying suit. An "action at law" is a "civil suit stating a legal cause of action and seeking only a legal remedy," *Black's*

*Law Dictionary* 35 (10th ed 2014).[5] A judgment, on the other hand, is "the culmination of the action," in which the right the injured party asserted is either vindicated or rejected. Henry Campbell Black, *A Treatise of the Law of Judgments* § 1, 2 (2d ed 1902). Actions are the process by which parties pursue legal remedies, and judgments are the result of that process that formalize the parties' rights and duties. An attorney may easily alter those formalized rights by filing notice that the judgment debtor must pay the attorney instead of the judgment creditor. Without that notice, however, the attorney's lien remains unclaimed, and the terms of the judgment control the debtor's obligation to pay.

This case demonstrates why the statute requires notice. Here, respondent had a lien under ORS 87.445 on the supplemental judgment entered in his client's favor. However, he did not claim the right to enforce that lien by filing a statutorily compliant notice until over a month after the judgment issued. In the interim, appellant issued a check for the full amount of the judgment to the listed judgment creditor, and respondent cannot now seek to enforce his lien on that judgment against appellant. The trial court therefore erred when it denied appellant's motion to challenge the garnishment.

Reversed and remanded.

---

[5] We note that, although there may be some historical differences in our case law in the treatment of actions at law and suits in equity, the attorney lien provisions and our analysis of them in this opinion apply to actions generally.