On appellant's petition for reconsideration filed July 23, reconsideration allowed, former opinion (305 Or App 503, 471 P3d 135) modified and adhered to as modified October 7, 2020

Kajuanda JONES,
*Plaintiff,*
*and*

Troy Austin PICKARD,
*Respondent,*

*v.*

Keya BHATTACHARYYA,
*Defendant-Appellant.*

Multnomah County Circuit Court
15CV32162; A165249

474 P3d 464

Jerry B. Hodson, Judge.

Steven F. Cade argued the cause for appellant. Also on the briefs were Charles R. Markley and Williams Kastner Greene & Markley.

Brooks F. Cooper argued the cause for respondent. Also on the brief were Mark Maricle and Draneas & Huglin PC.

Before DeHoog, Presiding Judge, and Aoyagi, Judge, and Kamins, Judge.

PER CURIAM

Reconsideration allowed; former opinion modified and adhered to as modified.

## PER CURIAM

Appellant petitions for reconsideration of our opinion in *Jones v. Bhattacharyya*, 305 Or App 503, 471 P3d 135 (2020), asking that we clarify our opinion to address the first assignment of error that she raised in her opening brief. We allow reconsideration and modify the text of our prior opinion in two ways. First, we insert the following footnote at the end of the first paragraph:

> "Appellant also assigns error to the trial court's denial of her subsequent motion for satisfaction of the supplemental judgment. However, the trial court did not reach the merits of that motion; instead, the court denied it as a motion for reconsideration that was impermissible under local rules. On appeal, appellant does not make any argument that the trial court erred in characterizing her motion for satisfaction as a motion for reconsideration. Thus, our reversal and remand of the trial court's order denying appellant's first-in-time motion eliminates the need for us to further consider the trial court's denial of appellant's second motion. Accordingly, we do not address whether the trial court erred when it concluded that appellant's motion was an impermissible motion for reconsideration."

Second, we modify the text of the last paragraph of our prior opinion before the disposition to read as follows (emphasis denotes added language):

> "This case demonstrates why the statute requires notice. Here, respondent had a lien under ORS 87.445 on the supplemental judgment entered in his client's favor. However, he did not claim the right to enforce that lien by filing a statutorily compliant notice until over a month after the judgment issued. In the interim, appellant issued a check for the full amount of the judgment to the listed judgment creditor, *which allowed her to satisfy the judgment under its unaltered terms,* and respondent cannot now seek to enforce his lien on that judgment against appellant. The trial court therefore erred when it denied appellant's motion to challenge the garnishment."

Reconsideration allowed; former opinion modified and adhered to as modified.