Argued and submitted September 6, 2002, decision of Court of Appeals and judgment of circuit court reversed; case remanded to circuit court for further proceedings February 21, reconsideration denied May 20, 2003

Donald B. POTTER,
*Petitioner on Review,*

*v.*

SCHLESSER COMPANY, INC.,
*Respondent on Review.*

(TC 9710-08216; CA A105159; SC S48493)

63 P3d 1172

Michael H. Bloom, Portland, argued the cause and filed the briefs for petitioner on review.

Michael E. Farnell, of Hagen, Dye, Hirschy & DiLorenzo, PC, Portland, argued the cause and filed the brief for respondent on review.

Richard S. Yugler, Portland, filed a brief on behalf of *amicus curiae* Oregon Trial Lawyers Association.

Before Carson, Chief Justice, and Gillette, Durham, Riggs, De Muniz, and Balmer, Justices.**

DE MUNIZ, J.

** Leeson, J., resigned January 31, 2003, and did not participate in the decision of this case.

## DE MUNIZ, J.

The issue presented in this case is whether plaintiff, an attorney, can enforce an attorney's lien for fees against defendant when plaintiff's client and defendant settled their action without plaintiff's knowledge and without satisfying plaintiff's lien. The Court of Appeals and the trial court concluded that plaintiff could not enforce the lien against defendant. We disagree and reverse the decision of the Court of Appeals and the judgment of the trial court.

We take the material facts from the Court of Appeals' opinion:

"Plaintiff, an attorney, represented George Hunt in an action for racial discrimination against defendant. That action was filed in federal court in December 1996. In February 1997, Hunt and plaintiff entered into a retainer agreement entitling plaintiff to one third 'of all amounts recovered in the event of a settlement after Complaint is filed and more than 14 days before any scheduled trial or hearing date[.]' On September 4, 1997, Steven Schlesser, president of defendant Schlesser Co., Inc., met privately with Hunt and entered into an agreement to settle the racial discrimination action for the sum of $12,000. Schlesser made out a check to Hunt in that amount, and Hunt cashed it that same day. During their meeting, Schlesser asked Hunt if he intended to pay plaintiff, and Hunt responded that his relations with plaintiff were his business. Schlesser and Hunt then drafted an additional signed and notarized document stating that Schlesser had 'expressed his concern to [Hunt] that he inform his attorney, Don Potter, that he has settled the case.' By the following day, plaintiff apparently had received information about the settlement and filed in the federal court a 'Notice of Claim of Attorney's Lien Under ORS 87.445,' asserting his entitlement to a portion of the settlement proceeds in accordance with his retainer agreement.

"In November 1997, plaintiff initiated this action in state court to enforce his attorney's lien against defendant Schlesser Co., Inc. Hunt is not a party to this action. Plaintiff asserted that defendant violated ORS 87.475 by paying

Hunt $12,000 in settlement of Hunt's case against defendant without first satisfying plaintiff's lien and that plaintiff suffered damages in the amount of $6,568.86. Plaintiff moved for partial summary judgment on his attorney's lien claim, arguing that his lien was enforceable against defendant as a matter of law. Defendant moved for summary judgment on the same claim, asserting that any lien plaintiff might have under the attorney's lien statutes was not enforceable against defendant. The trial court denied plaintiff's motion and granted defendant's motion for summary judgment on plaintiff's attorney's lien claim, concluding that there is no statutory authority for enforcement of attorney liens against third parties when settlement occurs before judgment."

*Potter v. Schlesser Co., Inc.,* 171 Or App 646, 648-49, 17 P3d 529 (2000) (footnote omitted). Plaintiff appealed, and the Court of Appeals affirmed. *Id.* at 656.

■   On review, plaintiff argues that, because he has an attorney's lien upon the action that he filed for Hunt against defendant, he may bring a separate action to satisfy his attorney's lien against either or both of them. In response, defendant contends that plaintiff's lien attaches only to the "proceeds" that the settlement agreement between defendant and Hunt generated. Because the proceeds in this case are now in Hunt's possession, defendant asserts that plaintiff may not pursue his lien claim against it. For the reasons set out below, we reject that argument.

■   To determine the meaning of the attorney lien statutes, we apply the methodology established in *PGE v. Bureau of Labor and Industries,* 317 Or 606, 610-11, 859 P2d 1143 (1993). Under *PGE,* our function is to discern the intent of the legislature. To do so, we give statutory terms of common usage their ordinary meaning and look first to the text and context of the statute as the best evidence of legislative intent. 317 Or at 611. If the intent is clear from the text and context, then no further analysis is necessary. *Id.*

We begin with ORS 87.445, which provides:

"An attorney has a lien upon actions, suits and proceedings after the commencement thereof, and judgments, decrees, orders and awards entered therein in the client's

favor and the proceeds thereof to the extent of fees and compensation specially agreed upon with the client, or if there is no agreement, for the reasonable value of the services of the attorney."

That statute does not define the term "lien." We therefore give the word its ordinary meaning. *PGE*, 317 Or at 611. According to its dictionary definition, a "lien" denotes a "charge upon real or personal property for the satisfaction of some debt or duty ordinarily arising by operation of law" or "a right in one to control or to hold and retain or enforce a charge against the property of another until some claim of the former is paid or satisfied[.]" *Webster's Third New Int'l Dictionary* 1306 (unabridged ed 1993). Under a similarly worded predecessor statute,[1] this court defined an attorney's lien, consistent with the dictionary definition, as an attorney's "equitable right" to have fees for services and charges for costs advanced "secured by the judgment or recovery in the suit or action in which the attorney's services were rendered." *Crawford v. Crane*, 204 Or 60, 62, 282 P2d 348 (1955).

ORS 87.445 thus serves as notice to the world that an attorney's lien for fees arises when an action is commenced.[2] Under the statute, an attorney's lien is a charge on (1) actions, suits, and proceedings after the commencement thereof; (2) judgments, decrees, orders, and awards entered therein in the client's favor; and (3) the proceeds thereof to the extent of fees and compensation specially agreed upon with the client.

---

[1] The predecessor statute, OCLA 67-1601, provided, in part:

"* * * An attorney has a lien for his compensation, whether specially agreed upon or implied, as provided in this section:

"* * * * *

"(2) Upon actions, suits and proceedings after the commencement thereof, and judgments, decrees, orders and awards entered therein in his client's favor and the proceeds thereof in whosesoever hands they may be or come, to the extent of the fees and compensation specially agreed upon with his client, if there be such agreement, and if not, for the reasonable value of his services, and such lien shall not be affected by any settlement between the parties to the actions, suit or proceeding before or after judgment, decree, order or award."

[2] Unlike the other types of liens available to attorneys, there is no requirement that a lien upon an action under ORS 87.445 be accompanied by a formal lien notice. *Compare* ORS 87.450 to 87.460 (liens against money judgments, judgments for possession of personal property, and judgments for possession of real property must be accompanied by lien claim notice filed with court).

We next turn to ORS 87.475, because that statute cross-references the lien created in ORS 87.445. ORS 87.475 provides:

"(1)  Except as provided in subsections (3) and (4) of this section, *the lien created by ORS 87.445 is not affected by a settlement between the parties to the action, suit or proceeding before or after judgment, decree, order or award*.

"(2)  Except as provided in subsections (3) and (4) of this section, *a party to the action, suit or proceeding, or any other person, does not have the right to satisfy the lien created by ORS 87.445 or any judgment, decree, order or award entered in the action, suit or proceeding until the lien, and claim of the attorney for fees based thereon, is satisfied in full*.

"(3)  A judgment debtor may pay the full amount of a judgment or decree into court and the clerk of the court shall thereupon fully satisfy the judgment or decree on the record and the judgment debtor shall be thereby released from any further claims thereunder.

"(4)  If more than one attorney appears of record for a litigant, the satisfaction of the lien created by ORS 87.445 by any one of the attorneys is conclusive evidence that the lien is fully satisfied."

(Emphasis added.)

The reference in subsection (1) of ORS 87.475 to "the lien created by ORS 87.445" establishes that an attorney's lien upon an action remains even after the parties have settled their legal dispute. Subsection (2) further protects the attorney's lien from extinguishment by "a party to the action" or "any other person" until the "claim of the attorney for fees" underlying the lien has been paid in full.

The legislature's intent is clear from the text and context of the foregoing statutes. ORS 87.445 and ORS 87.475(1) and (2) create an attorney's lien for fees incurred in pursuing an action. The lien is a charge on the action, and the parties to the action cannot extinguish or affect the attorney's lien by any means (such as settlement) other than by satisfying the underlying claim of the attorney for the fees incurred in connection with the action.

■ Nevertheless, defendant argues that plaintiff's lien cannot be enforced against it for two reasons. First, as noted above, defendant contends that plaintiff's lien "attaches" only to the proceeds of the settlement paid to Hunt, and because defendant no longer possesses those proceeds, plaintiff cannot assert the lien claim against it. That assertion, however, fails to acknowledge that, regardless of the alleged settlement between defendant and Hunt, plaintiff's lien remains a charge on the action to which defendant is a party. Because the lien remains a charge on the action, defendant and Hunt, the parties to the action, are obligated under ORS 87.475(1) and (2) to satisfy the attorney's lien to the extent of the action's value.[3] The undisputed evidence in the summary judgment record is that the value of the action is at least $12,000, the amount that defendant paid to Hunt. Because the action has value, defendant as one of the parties to the action, is obligated under the statutes to satisfy plaintiff's lien to the extent of that value.

■ Second, defendant argues that, under the circumstances here, even if plaintiff has a lien on the action, the legislature has not provided a statutory means to enforce the lien. Defendant is mistaken, however, about the need for statutory authority to enforce the lien in this instance. In *Crawford*, 204 Or at 66-67, the court observed that, under predecessor statutes, no statutory method had been provided for enforcement of the attorney's lien. The court concluded, however, that, in the absence of statutory direction, the attorney's lien could be enforced by various methods depending on the "peculiar circumstances attending the character of the lien." *Id.* at 67. As noted, as parties to the action encumbered by plaintiff's lien, defendant and Hunt are statutorily

---

[3] In that vein, we note the following statement from the Court of Appeals of New York, under a similarly worded statute, sustaining an attorney's lien claim against an adverse party in the action:

"[A] lien upon [the] cause of action in favor of securing to the intestate his lawful compensation arose at the commencement of the action against the railroad company. * * * *The defendant having knowledge of the lien may not say that it disregarded it and parted with the entire fund. It was bound to retain, and the law conclusively assumes it has retained, sufficient [funds] to pay the sum which the plaintiff was entitled to receive.*"

*Sargent v. New York Cent. & H.R.R. Co.*, 209 NY 360, 365, 103 NE 164, 166 (1913) (emphasis added).

obligated to satisfy the attorney's lien to the extent of the action's value. Consistent with the court's observation in *Crawford*, we conclude that plaintiff's separate action against defendant is an acceptable method to enforce plaintiff's attorney's lien.

The trial court erred in granting defendant's motion for summary judgment and in denying plaintiff's motion for summary judgment on plaintiff's claim to enforce the attorney's lien against defendant.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.