562

Argued and submitted February 10, affirmed July 13, 2005

In the Matter of the Marriage of

Margaret J. O'MEARA
*Petitioner below,*

*and*

Harold D. CULLICK,
*Respondent below.*

M. A. RAND CORPORATION,
an Oregon corporation,
*Intervenor-Appellant,*

*v.*

Margaret J. O'MEARA,
*Adverse party below,*

*and*

Harold D. CULLICK,
*Adverse party-Respondent.*

C012344DRC; A123400

116 P3d 236

Teri Durham argued the cause for intervenor-appellant. On the brief was John S. Marandas.

John H. Mayfield III waived appearance for respondent Harold D. Cullick.

Before Edmonds, Presiding Judge, and Wollheim* and Schuman, Judges.

EDMONDS, P. J.

---

* Wollheim, J., *vice* Richardson, S. J.

## EDMONDS, P. J.

This case is about whether money paid into court by a child support obligor to resolve an arrearage is subject to an attorney fee lien filed under ORS 87.450 (2001), *amended by* Or Laws 2003, ch 576, § 188. In an "Order Releasing Funds," the trial court denied appellant's motion to intervene and motion to apply its attorney's lien to the proceeds that had been filed with the court. Appellant appeals from that order, ORS 19.205(2) and (3),[1] and we affirm.

This case began as the dissolution of a domestic partnership in July 2001. Mother filed a petition, requesting, *inter alia*, dissolution of the parties' domestic partnership, judgment for child support arrearages, and modification of child support. She also alleged claims of battery and intentional infliction of emotional distress. The parties began negotiating a settlement, and father offered mother $10,000 in full settlement of all of her claims. On September 17, 2003, mother's attorney wrote her a letter advising her that the offer of $10,000 was open until September 19 and that mother needed to start paying her legal fees. Those fees totaled more than $50,000 at that time. Mother responded on September 18 by advising her attorney that she no longer needed his services, and attorney thereafter withdrew as counsel.

On September 23, 2003, the trial court held a settlement hearing. Father and mother (appearing *pro se*) presented the court with a "Stipulated Order of Settlement, Accord & Dismissal," in which the parties agreed, *inter alia*, that mother would dismiss with prejudice all of her claims against father and that father would pay mother $7,000 "as child support." Mother's former attorney filed a "Notice of Claim of Attorney's Lien" the next day, ORS 87.450(1).[2]

---

[1] *See Taylor v. Pearl, PicKell,* 244 Or 81, 86, 415 P2d 757 (1966) (court considered appeal from an order denying a motion to intervene that was really an order denying attorney's lien on funds held jointly by the attorneys of the plaintiff and the defendant).

[2] ORS 87.450(1) (2001) provides:

"When an attorney claims a lien under ORS 87.445, if the judgment or decree is for a sum of money only, the attorney must file a notice of claim of lien with the clerk of the court that issues the judgment or decree within three

Thereafter, mother filed a "Claim of Exemption," in which she argued that "[c]hild support is exempt from garnishment and foreclosure of attorney fees." ORS 87.450(4) (2001).[3] Father tendered the $7,000 to the court on October 21, 2003.

On October 22, 2003, the trial court signed the stipulated order of settlement. On October 30, appellant, asserting that it was the assignee of the attorney's lien, filed what it entitled "1. Objections to Proposed Stipulated Order of Settlement, Accord and Dismissal, 2. Motion to Intervene, and 3. Complaint for Declaratory Relief." In its "objections," appellant argued, *inter alia*, that the $7,000 settlement proceeds were not payment for child support and that mother and father designated the proceeds as child support in order "to avoid [its] lien." Appellant also filed a motion entitled "Intervenor's Motions." It sought "1. To Join Intervenor as a Necessary Party; 2. To Vacate the Stipulated Order, pursuant to ORCP 71; and 3. [ ] For Leave to File [an] Amended Complaint." Appellant explained in its "Motion," that, after the court vacated the stipulated order and gave appellant leave to file a complaint, appellant would file a "claim for declaratory relief" and ask the court to adjudicate "[w]hether or not the $7,000 sum, or any portion thereof, was in fact not related to the payment of child support."

On November 3, 2003, the court held a hearing regarding appellant's motions. Thereafter, the trial court issued an order entitled "Order Releasing Funds." The order denied appellant's motion to intervene and concluded that the attorney's lien was "perfected by filing notice with the clerk of the court * * *, making intervention unnecessary in order to rule on the application of the attorney's lien to the settlement proceeds." However, the court also concluded that the proceeds from the stipulated order were "reasonably designated as child support" and denied appellant's "motion to

years after the judgment or decree is given. The clerk shall enter the notice in the records of the action or suit and shall also make a note of the filing of the notice in the judgment docket of the court."

[3] ORS 87.450(4) (2001) provides:

"For purposes of this section, a 'judgment or decree for a sum of money only' does not include a decree or order for the payment of money for the support of any person under ORS 107.095, 107.105, 108.120, 109.155, 419B.400 or 419C.590."

apply [its] attorney's lien." Finally, the court ordered the clerk of the court "to deliver the sum of $7,000 paid into court to [mother]."

On appeal, appellant assigns error to the "Order Releasing Funds," arguing that the trial court erred in holding that the entire proceeds were child support. It also argues that it was denied procedural due process because the trial court did not "properly adjudicate Intervenor's rights relating to the attorney's lien and the settlement proceeds." Appellant explains on appeal that it "seeks a decision either (a) holding that the proceeds are not exempt from the attorney's lien, or (b) [ ] setting aside [ ] the settlement agreement and granting [appellant] leave to intervene and have a hearing on the issues." After the appeal was filed, appellant dismissed mother as a party to the appeal. Thus, at this time, father is the only person against whom appellant asserts a right to the proceeds that had been paid by him into court.

ORS 87.445 (2001), *amended by* Or Laws 2003, ch 331, § 19, provides:

> "An attorney has a lien upon actions, suits and proceedings after the commencement thereof, and judgments, decrees, orders and awards entered therein in the client's favor and the proceeds thereof to the extent of fees and compensation specially agreed upon with the client, or if there is no agreement, for the reasonable value of the services of the attorney."

In *Potter v. Schlesser Co., Inc.*, 335 Or 209, 213, 63 P3d 1172 (2003), the court explained that ORS 87.445 "serves as notice to the world that an attorney's lien for fees arises when an action is commenced." The court further explained:

> "Under the statute, an attorney's lien is a charge on (1) actions, suits, and proceedings after the commencement thereof; (2) judgments, decrees, orders, and awards entered therein in the client's favor; and (3) the proceeds thereof to the extent of fees and compensation specially agreed upon with the client."

*Id.* Thus, as assignee of the attorney's lien, appellant has an interest in the order entered in mother's favor and the proceeds as well.

■■ Because of appellant's interest, we turn then to the applicable statutes in order to properly analyze its arguments. ORS 87.475 (2001), *amended by* Or Laws 2003, ch 576, § 341, provides:

"(1) Except as provided in subsections (3) and (4) of this section, the lien created by ORS 87.445 is not affected by a settlement between the parties to the action, suit or proceeding before or after judgment, decree, order or award.

"(2) Except as provided in subsections (3) and (4) of this section, a party to the action, suit or proceeding, or any other person, does not have the right to satisfy the lien created by ORS 87.445 or any judgment, decree, order or award entered in the action, suit or proceeding until the lien, and claim of the attorney for fees based thereon, is satisfied in full.

"(3) A judgment debtor may pay the full amount of a judgment or decree into court and the clerk of the court shall thereupon fully satisfy the judgment or decree on the record and the judgment debtor shall be thereby released from any further claims thereunder.

"(4) If more than one attorney appears of record for a litigant, the satisfaction of the lien created by ORS 87.445 by any one of the attorneys is conclusive evidence that the lien is fully satisfied."

Appellant argues that, under ORS 87.475(1) and (2), both mother and father, as parties to the underlying action, remain liable for the satisfaction of the lien. *See Potter*, 335 Or at 215. However, its argument ignores the full text of ORS 87.475 (2001). ORS 87.475(2) (2001) provides that, "[e]xcept *as provided in subsections (3) and (4)* of this section" neither party can satisfy the judgment until the attorney lien is paid in full. (Emphasis added.) ORS 87.475(3) (2001) allows the judgment debtor to pay the judgment amount into court, and "the clerk of the court shall thereupon fully satisfy the judgment or decree on the record *and the judgment debtor shall be thereby released from any further claims thereunder.*" (Emphasis added.) The clear language of the statute, when read in the context of the entire statutory provision, *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993), indicates that once the judgment debtor pays

the judgment amount into court, the judgment debtor's responsibility with regard to the attorney's lien is terminated. In this case, father paid the stipulated judgment amount of $7,000 to the court. Under the mandating language of ORS 87.475(3) (2001), father's legal responsibility with regard to the attorney's lien ended when he tendered the amount to the court. Consequently, the trial court did not err in denying appellant's motions.

Affirmed.