**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| In re: WILLIAMS, LOVE, O'LEARY, & POWERS, PC, <br><br>        Debtor, <br><br> ——————————————— <br><br> WILLIAMS, LOVE, O'LEARY, & POWERS, PC, <br><br>        Plaintiff - Appellee, <br><br> STERLING BANK, <br><br>        Intervenor-Plaintiff - Appellee, <br><br>   v. <br><br> HEATHER A. BRANN, <br><br>        Defendant - Appellant. | No. 12-36064 <br><br> D.C. No. 3:12-cv-00563-AA <br><br> MEMORANDUM[*] |
| In re: WILLIAMS, LOVE, O'LEARY, & POWERS, PC, <br><br>        Debtor, | No. 13-35914 <br><br> D.C. No. 3:12-cv-02049-AA |

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

HEATHER ANN BRANN,

        Plaintiff - Appellant,

  v.

WILLIAMS, LOVE, O'LEARY, &
POWERS, PC,

        Defendant - Appellee.

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, Chief District Judge, Presiding

Argued and Submitted November 21, 2014
Portland, Oregon

Before: CLIFTON, M. SMITH, and HURWITZ, Circuit Judges.

Heather Brann appeals from the district court's holding that her claim against Williams, Love, O'Leary, & Powers, P.C. (WLOP) is not secured by an attorney's lien, making her an unsecured creditor. Brann also appeals from the district court's holding that the federal judgment rate is appropriate for the post-petition interest owed to her. Because the parties are familiar with the facts and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal. We affirm.

The Oregon attorney's lien statute, Or. Rev. Stat. § 87.445, grants an attorney a lien "upon actions, suits and proceedings" and "judgments, orders and

awards entered therein in the client's favor and the proceeds thereof to the extent of fees and compensation specially agreed upon with the client, or if there is no agreement, for the reasonable value of the services of the attorney." This statute creates an attorney's lien upon the action that was pursued by the attorney for the client. *Potter v. Schlesser Co., Inc.*, 335 Or. 209, 213, 215 (2003). However, the attorney's lien only grants attorneys the same right "to enforce their liens as their clients have for the amount due thereon to them." Or. Rev. Stat. § 87.480. Because the clients represented by WLOP and Brann could not take action against WLOP for payment due on the action, Brann's action against WLOP is not secured by an attorney's lien, and she is an unsecured creditor.

As an unsecured creditor, Brann is entitled to post-petition interest "at the legal rate." 11 U.S.C. § 726(a)(5); *see In re Cardelucci*, 285 F.3d 1231, 1234 (9th Cir. 2002). We have already held that "the legal rate" means the federal judgment rate. *In re Cardelucci*, 285 F.3d at 1233. Thus, Brann's post-petition interest should be calculated using the federal judgment interest rate.

Appellant to pay costs.

**AFFIRMED**